KASSON *vs.* SMITH.

Where a note was endorsed for the *accommodation* of the maker, with the view of having it discounted at a bank, and the avails applied to the payment of certain demands, for which a third person stood bound as surety for the maker; and the note was delivered to the surety, who, with a knowledge of all the facts, offered it for discount at the bank, where it was refused to be discounted, but where, at the request of the surety, it was protested when due, *it was held*, that an action on the note would not lie by the surety against the endorser.

THIS was an action of assumpsit, tried at the Oneida circuit in April, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The action was against the defendant as *second endorser* of a promissory note of $800, endorsed by the defendant for the *accommodation* of the *maker*, J. Rogers, under the following circumstances: In the spring of 1828, the plaintiff in this cause stood bound as the *accommodation endorser* of Rogers for the payment of a debt at the Bank of Utica of about $500, and also of a draft drawn by Rogers on Douglass & Dunn of Albany, for $643, which had been delivered to one Burrows in payment of a debt, and had been refused to be paid by the drawees. The plaintiff told Rogers that if he would procure the defendant's endorsement to a note for $800, he would pay the draft drawn on Douglass & Dunn. Rogers accordingly made his note for $800, dated 26th April, 1828, payable to the order of M. W. & G. Davis, at the Bank of Utica, 60 days after date, which was endorsed by the payees and by the defendant, and delivered by Rogers to the plaintiff, who agreed to procure it discounted at the Bank of Utica to raise funds to pay the draft, and also the debt of Rogers at that bank; Rogers at the same time paid to the plaintiff in cash the difference between the amount of the note and the two debts for which the plaintiff was bound. The plaintiff could not succeed in obtaining the note to be discounted, when he offered it, and left it to be presented for discount at a future day. It was not discounted by the bank before its maturity, but when due, it was protest-

ed by the bank *at the reqaest of the plaintiff*. The defendant, when he endorsed the note, was informed by Rogers that it was to be discounted at the Bank of Utica.

The money paid to the plaintiff by Rogers, at the time of the delivery of the note endorsed by the defendant, was applied towards the discharge of the debt of Rogers due at the bank. In the spring of 1829, the draft of Douglass & Dunn having been protested and remaining unpaid, Rogers obtained a note of $700, signed by himself, the plaintiff in this cause and one Newton, to be cashed by a broker, and from the avails of it, together with other monies, paid to Kasson $731, the amount of the judgmant on the draft, who paid over the same to Burrows the holder of the draft. When the $700 note fell due, Rogers paid $350, and gave a new note for $350, made by himself and endorsed by one *Allen* and by the plaintiff, payable 60 days after date at the Bank of Utica, where Rogers procured it to be discounted. When this last note became due, it was protested for non-payment, and the plaintiff paid it out of his own funds, and has never been reimbursed. The plaintiff claimed to recover, on the note endorsed by the defendant, the amount paid by him on the note of Rogers, endorsed by -*Allen* and by the plaintiff. The judge charged the jury that the plaintiff was not entitled to recover inasmuch as the note endorsed by the defendant had not been discounted at the Bank of Utica, and the jury accordingly found a verdict for the defendant. The plaintiff moved to set aside the verdict.

*J. A. Spencer*, for plaintiff. The note in question was endorsed by the defendant for the express purpose of raising funds to relieve the plaintiff from the responsibilities incurred by him on account of Rogers. Whether they were discharged by avails arising from the discount of the note, or from the individual funds of the plaintiff, relying upon the note in question for his indemnity, is a matter of indifference to the defendant ; to compel the defendant to pay, is but carrying into effect the intention of the parties. Nor can he complain of the subsequent transactions between the plaintiff and Rogers ; as by means thereof his situation was bettered, not made worse,

Rogers having paid one half of the draft, to indemnify the plaintiff, against which, the note in question was given. The counsel cited 4 Cowen, 567, 7 Johns. R. 361, 17 id. 176, 19 id. 326.

——————, for defendant, relied upon 10 Johns. R. 198, 5 Wendell, 566.

*By the Court,* NELSON, J. The note upon which this suit is brought was made and endorsed by the defendant for the benefit of Rogers, for the avowed purpose of raising money at the Utica Bank to pay a draft of his of $643, and a note at the bank. It was not intended for the benefit of the plaintiff, any further than that the application of the money to be raised upon it was to extinguish demands, for the payment of which he was surety. The benefit to him was incidental. All this was known to the plaintiff; he had no right therefore, on the failure to procure it to be discounted, to hold it for his indemnity against his responsibility for Rogers. To do so was a fraudulent perversion of the original object and design of the note, and for that reason it is invalid in the hands of the plaintiff. 10 Johns. R. 198. 3 Wendell, 566.

Again; the plaintiff, upon the ground assumed by his counsel, cannot recover : that is, that the plaintiff took the note in consideration that he would take up the draft of Rogers which was then falling due, and pay the balance on the note in the bank. The plaintiff did neither. It is not pretended he paid any thing on the note in the bank, and Rogers had to raise the money himself to take up the draft. It is true the plaintiff lent his name to the note upon which the money was raised, but that is very different from assuming the debt as his own, which it would have been if the ground assumed is correct. Even this latter note was again taken up by Rogers by paying $350 on it, and procuring another note discounted for the same amount, upon which the plaintiff was only the second endorser.

Even if the plaintiff had not taken the note in question with a knowledge of all the circumstances, I am of opinion he

could not recover, as no consideration passed from him to Ro-
gers for the same, and it was not delivered to him as security
for his endorsements.

New trial denied.