## STETTHEIMER *vs.* MEYER.

Whenever a negotiable note is taken in good faith, before it becomes due, in payment and satisfaction of a pre-existing indebtedness, and the evidence of such indebtedness, or a security therefor, is at the same time surrendered or destroyed, the person taking such note becomes a holder for a valuable consideration.

Stettheimer *v.* Meyer.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiff against John Meyer and Valentine Schlaeffer, on a promissory note for $300, dated July 18, 1857, at 30 days. Meyer was the maker, and Schlaeffer the indorser. The note was made by Meyer for the accommodation of B. Schoeffel, and without any consideration, and on the express agreement that the same should not be used in any manner, or put into circulation, until it should be signed by Valentine Schlaeffer and Sebastian Weiland, as joint makers. It was not so signed, and was fraudulently diverted by Schoeffel. On the 18th day of July, 1857, (date of note,) Schoeffel owed Zeislein $350, for which Zeislein held Schoeffel's due-bill, or "good," given for $500, and indorsed with $150, paid previously. This due-bill or good, was for money previously borrowed and was then past due and dishonored. Schoeffel transferred the note to Zeislein for the purpose of getting it discounted at the bank. When Zeislein took the note, he delivered up to Schoeffel his due-bill, or good, on which there remained unpaid $350, Schoeffel agreeing to pay the balance, $50, in a few days. Nothing was paid at the time ; no receipt given. Zeislein did not get the note discounted, but transferred it to Stettheimer, the plaintiff, in the following manner : Zeislein owed Stettheimer $260, for money previously borrowed, and for which he held Zeislein's due-bill or good, which was then past due and unpaid. As the consideration for this note, Stettheimer delivered up the due-bill or good to Zeislein, and paid him $40 in money. Neither Zeislein or the plaintiff had any knowledge or notice of the agreement between Meyer and Schoeffel, or that the note was made for the accommodation of Schoeffel, or that it was other than a business note, or of any of the matters aforesaid, relating to the origin of the note. The point in the case, was whether Stettheimer was a *bona fide* holder of the note in suit for value, so as to entitle him to recover the full amount of the note, or only $40 paid at the time of the transfer.

Stettheimer *v.* Meyer.

The referee found, as matter of law, and decided, that the plaintiff was entitled to recover of the defendant the whole amount of the note in the complaint mentioned, and interest, being $355.06, and ordered judgment in favor of the plaintiff for that sum, besides costs. To which finding and decision, the defendant's counsel excepted.

*Perry & Brand,* for the appellant.

*L. Farrar,* for the respondent.

*By the Court,* Johnson, J. The referee has found that the note in question was transferred to the plaintiff in consideration of the surrender by him of a note which he held against Zeislein, for borrowed money, and the payment to Zeislein of $40 in money, that being the difference between the amounts of the two obligations, without any knowledge on his part as to the origin of the note in question, or the purpose for which it was made. This was before the note in question became due.

This, we think, constitutes the plaintiff a holder for a valuable consideration, within the case of *Youngs* v. *Lee,* (18 *Barb.* 187 ; *S. C.,* 2 *Kern.* 551.) The only difference between the two cases is, that in the case cited the note given up had not then become due, while in the present, Zeislein's note was over due when it was surrendered. The fact that the note was not due when it was given up, is noticed by the learned judge, who gave the opinion in the court of appeals, but it does not appear that the case turned upon that question. In this court that fact was not noticed, in the opinion, but the case is put expressly upon the ground that the debt had been extinguished by the agreement, and the evidence of it given up by the holder. We are unable to perceive any difference in principle between the two cases. In either case, it is the payment of the debt, and the surrender of the security or obligation for its payment, which constitutes the consideration of the transfer, and as a payment it is no more

effectual in the one case than in the other, and the surrender of the promise is alike prejudicial to the creditor in each.

We think the rule is now settled that whenever a negotiable note is taken in good faith, before it becomes due, in payment and satisfaction of a pre-existing indebtedness, and the evidence of such indebtedness, or a security therefor, is at the same time surrendered or destroyed, the person taking such note becomes a holder for a valuable consideration. The judgment must therefore be affirmed.

[MONROE GENERAL TERM, December 3, 1860. *Smith, Knox* and *Johnson,* Justices.]