Monell, J.
The result of a careful examination of the cases is, that in this state the law seems to be now settled, that a promissory note, taken in payment of an antecedent debt, and the prior indebtedness extinguished, is deemed to be taken for value, so as to constitute it a valid security in the hands of the holder. (Rutland Bank v. Buck, 5 Wend. 66. Grandin v. Le Roy, 2 Paige, 509. Lathrop v. Morris, 5 Sandf. 7. Mohawk Bank v. Corey, 1 Hill, 513. Youngs v. Lee, 12 N. Y. Rep. 551. Boyd v. Cummings, 17 id. 101. Stettheimer v. Meyer, 33 Barb. 215. .Spencer v. Ballou, 18 N. Y. Rep. 327.)
The principle is, that if the" holder parts with any thing at the timé he receives the note, it affords a sufficient consideration, to make his holding bona fide. If, therefore, he extinguishes the prior debt, or surrenders á prior security, or advances money upon the credit of the new, it will, within the cases cited, constitute him a holder for value.. .1 do not find that our courts have yet reached the point, that merely receiving a promissory note or bill of exchange of a third person, as security for a precedent debt, without extinguishing the' prior debt, or parting with-any money or security at the time, is sufficient to constitute a holding for value. In a recent case, (Cardwell v. Hicks, 37 Barb. 458,) a majority of. the court, against, I think," a clear weight of authority, has faEen back upon the old doctrine, that even the extinguishment of the old debt will not afford a consideration to the new transfer. But this case stands by itself, and is in direct antagonism to a large number of uniform decisions the other way. (Purchase v. Mattison, 3 Bosw. 310.) .•
. I can not find that the precise point involved in this case has been decided in any adjudication in this state. In some of' the neighboring states it seems" to have been. (Griswold *217 v. Davis, 31 Vt. 2 Shaw, 450.) Also, substantially, by the Supreme Court of the United States. (Gerdman v. Simonds, 20 How. U. S. Rep. 343.)
No question arising under commercial law has been more extensively discussed, or produced a greater variety—perhaps I might say a greater confusion—of decision, than as to what shall constitute a holding of commercial paper for value, so as to shut out the equities existing among the original parties.
And in a community where all collateral securities are daily resorted to, to bolster credit and procure moneyed facilities in the uses of trade, it is very desirable that the courts of this state should settle the rights of parties, in respect to such securities.
I think a careful reading of the numerous cases in this state, where the question of the bona fides of commercial paper is examined, will show that the current of decision has been, and continues to set strongly in favor of the sufficiency of the consideration, whether the new security is taken in payment of an antecedent debt, or as collateral to a first loan. If any thing is parted with at the time—either money or an old security'—it is sufficient to uphold the transaction as against the defenses of the first parties.
A reference to a few of the more recent cases will, I think, show the correctness of the above deduction.
In Stettheimer v Meyer, (supra,) the defendant was the accommodation maker of a note, which the payees transferred to the plaintiff in payment of a prior debt; the plaintiff delivering up a prior note not yet due. It was held that the plaintiff was a holder for a valuable consideration.
In Spencer v. Ballou, (supra,) the plaintiff had been charged as the indorser of Hollister’s note, and received.the note in suit, indorsed by the defendant as an accommodation indorser. '
The note was made for the purpose of taking up the protested notes, and was left at the bank for that object, but was not discounted by the bank. The court, in answer to the objection that the note could not be made available to the *218 plaintiff otherwise than by applying it to the purpose of taking up the notes in the bank,, say, if the plaintiff had borrowed the money on the credit of this note, and had paid the notes in the bank, the security would be valid. “ So, if the plaintiff had advanced the money to pay and take up the notes in the bank, retaining this note for the advance, it is not prescribed that the maker, or the defendant, would have .any legal defense to the note.”
The pre-existing debt does not strengthen or invigorate the consideration. The advance constitutes the consideration, not the prior indebtedness.
The case of Goodman v. Simonds, supra, fully sustains this view. The learned court there say that if there is a present consideration at the time of the transfer, it is sufficient to constitute a bona fide holding.
And a late elementary writer, of profound learning, and great research, (1 Parsons on Notes and Bills, 219,) declares it a sufficient consideration when the note is received as collateral security for a debt or contract,- which is simultaneous with the transfer of the paper.
In the case before us, the plaintiff, at the time of the transfer of the note in suit, gave to the holders of the note.five thousand dollars in money. Upon what security did the bank part with this amount of money ? Surely not upon the note of Kolff & Persuhn alone, else why did they receive collaterals ? The advance was made at the time of the transfer, and, although it was nominally a discount of Kolff & Persuhn’s note, yet the money was loaned upon the strength and credit of the collaterals, which, upon the principle of all the cases, constituted the bank the holders for -value of the note in suit, and deprives the defendants of the right to interpose as a defense any equities existing between the previous parties.
I.t would not" be difficult, I think, to point to a difference between a consideration growing out of the extinguishment of a pre-existing debt, or the surrender of prior securities and a present loan. In the latter case, the. lender parts usually with more value and directly upon the credit of the collateral secu *219 rity. In the former, the creditor, presumptively at least, loses less, and the borrower gains but little,
If there is any reason, -therefore, for upholding the consideration in the one case, there is a stronger one in the other, where money is advanced at the time the transfer is made, and where the lender looks to his securities for payment.
There was sufficient evidence, we think, that the application for discount was made by direction of Mr. Kolff, to sustain the finding of the referee that it was made by his direction and upon his authority. At least, such finding is not against the clear weight of the evidence. Besides, the authority contained in the written power,, of attorney to Stange, was ample to clothe him with all the power necessary to transfer the note.
The plaintiffs were not bound indeed, they had not the right, to retain Kolff & Persuhn’s deposit. Their note was .not due when the deposit was drawn out, and the bank could not have set off the note in a suit to recover the deposit.
' Upon the whole, we do not see that the referee has committed any error, and we think the judgment should be affirmed.
Barbour, J. concurred.
Robertson, J.
The findings of the referee upon conflicting evidence, set at rest all contested questions of fact: The single question remains, whether- accommodation notes delivered as collateral security for the repayment of a loan of money, at the time it was lent, upon the faith of their delivery as such security, can be sued upon and the amount recovered by the lender. I speak simply of accommodation notes, without reference to any diversion of them by such deposit from any special purpose for an application to which they, were created, because it will be found that the argument against the liability of such makers wholly disregards such purpose and diversion from it, and is irrespective of the sufficiency of the. consideration upon the transfer. There could be "no doubt, that money lent on the faith of the double security of the *220 borrower’s responsibility and the simultaneous delivery of property as security, or even on the faith of the latter alone, would form a sufficient consideration, for the transfer of such property; otherwise no mortgage or pledge of personal chattels could be given.
But the whole argument in this case may be reduced to the single proposition, that because a pledge of promissory notes, including those given for the accommodation of the holder, or of any choses in action, differs from the pledge of all other personal property, in this, that the pledgee must wait to the maturity of such notes and make them available by collecting them, but can not sell them on notice. He therefore can not be said to be the owner of them, either in good or bad faith, because the entire power of disposition has not been vested in him. Consequently where the. promissory notes were so made that such an action could not have been maintained upon them by the pledgor, they can not be sued upon by the pledgee.' That in fact the pledgee in so collecting, acts simply as the agent of the pledgor, with merely the right to apply the money when collected to the payment of this debt to himself.
The doctrine in regard to the want of power oil the part of a mere pledgee of choses in action to do any thing but collect the amount due on them, was first decided in Garlick v. James, (12 John. 146,) where it was held they could not compromise them. This limitation was extended by the case of Wheeler v. Newbould, (16 N. Y. Rep. 392,) and Atlantic Fire Ins. Co. v. Boies, (6 Duer, 583,) to sales of them. But in both these cases it was recognized that the pledgee had a special property in such choses in action, an. interest in the moneys to be collected coupled with the power of collecting, and the rule was established as being for the benefit of the pledgor alone, and not of other parties liable on the choses in action. The right of the pledgee was even so far recognized, and protected, that it was held that upon a collection of the moneys due on a chose in action by a pledgor, to whom the same had been redelivered for the purpose, he collected them in a fiduciary capacity for the pledgee, (White v. Platt, 5 *221 Denio, 269;) and upon the same principle it was held that the pledgee of a bond could even recover its value in an action of trover against a pledgor, to whom he had delivered it in order to obtain and substitute stock for it as security, but such pledgor applied it to his own use. (Hays v. Riddle, 1 Sandf. 248.) All these cases concede that the pledgee acquires an interest in or lien on the moneys agreed to be paid by the instrument pledged, to the extent of his loan. His special property is therefore a species of ownership of the choses in action however limited or qualified, and he is only prevented from being considered as entire owner in order to protect any rights of the pledgor from being sacrificed by a sale, compromise, or other disposition of the note for less than its face. He does not therefore the less continue to be owner as to the maker of a note, to the extent of whatever loan he has made on the faith of such note being valid and binding.
In this case, too, the defendant, by becoming the maker of a promissory note payable to the order of Kolff & Persuhn, and leaving it in their hands; furnished them with the means of inducing the plaintiffs to believe that it was a business note capable,of being pledged by them to secure loans made to them. Except in cases tainted with usury, or other positive prohibitions of the contract made, they would be estopped by such signing from denying the business character of the note.
It- will be observed that any diversion of the note from its original purpose does not affect the question of ownership by the plaintiff, but only the bona fides of this transfer; that doctrine has been clearly settled not. to apply to advances of mopey in ignorance of the original purpose. On all other points my views coincide with those of my associate,- and I concur in affirming the judgment, (a)
(a) The judgment in this case has since been affirmed on appeal by the Court of Appeals. (32 N. Y. Rep. 553.)