Allen, J.
The plaintiff became the owner of the notes in suit, with full notice of the defence now set up, and of the equities of the defendant, and is not, therefore, entitled to the protection accorded to bona fide holders of negotiable paper. The notes were subject to the same defences in his hands that they would have been in the hands of the original payee. (Skilding v. Warren, 15 J. R., 270; Kasson v. Smith, 8 Wend., 437; Story on Prom. Notes, §§ 190, 197.)
The notes were given for personal property ; and, in the absence of an express warranty of title, the law would imply such warranty. Every vendor of chattels is supposed to know his title, and to warrant it, if he sells without disclosing any defects that may exist in it. (Swett v. Colgate, 20 J. R., 196; Hoe v. Sanborn, 21 N. Y., 552.)
In this case there was an express warranty of title by the seller, the payee of the notes. The allegation of the defence is that there was a failure of title to a large part of the property by reason of the illegal acts of the seller, subjecting the same to forfeiture under the revenue laws of the United States. The defendant had the benefit of his purchase in respect to a small part of the property, which he sold, before the seizure by the government; and there was, therefore, *402 but a partial failure of consideration. As between the payee and maker of the notes, a total failure of consideration would have been an absolute bar to an action ; and a partial .failure, a defence pro tanto. The maker would have been at liberty to recoup his damages, by reason of the failure of title to a part of the property, in an action upon the notes. He would not have been bound to rescind the contract in toto, but might retain so much of the property as he had secured a title to, and have his damages for the loss of the residue. (Muller v. Eno, 14 N. Y., 597; Beecker v. Vrooman, 13 J. R., 302; Spalding v. Vandercook, 2 W. R., 431; Batterman v. Pierce, 3 Hill, 171; Van Epps v. Harrison, 5 id., 63; Gillespie v. Torrance, 25 N. Y., 306.) The right of recoupment is distinguishable from a mere right of set-off* It corresponds with the reconvention of the civil law, in which the defendant was permitted to exhibit his claim against the plaintiff, provided it arose out of or was incidental to the plaintiff’s cause of action. (Bouvier’s Law Dictionary.) Upon a recoupment proper, the defendant cannot" recover any excess of damages over the plaintiff’s claim; nor can he have' an independent action for that excess. (Gillespie v. Torrance and Batterman v. Pierce, supra.) It is optional with a defendant whether he will recoup his claim growing out of the same contract upon which the action is brought, or resort to an independent action; and this option is not defeated by a transfer of the claim, and the bringing of a suit in the name of the transferree, except in cases where an indorsee or transferree of negotiable paper acquires a title discharged of all, equities, and valid against all defences. The plaintiff took title subject to all legal and equitable defences which existed against the notes in the hands of the payee; and the right of the defendant to set up a partial failure of title to the property for which the notes were given, as a defence, pro tanto, was perfect.
The defence alleged was that, by reason of certain violations of the revenue laws by the payee of the notes and vendor of the property, and those acting with or under him *403 •before the purchase by the defendant, the still and the major part of the other property was liable to seizure and forfeiture •to the United States; and that after the plaintiff took possession under his purchase the same was seized, condemned and sold for those violations of law, whereby the title wholly failed, and the property was lost to the defendant. The record of the seizure and condemnation was put in evidence, including the libel of information, and an affidavit, a part of the record, by which it appeared that one Hugh Fisher was the informer against the property. The libel was general, alleging in different paragraphs an infraction of-every provision of the statutes, which would work a forfeiture and authorize a condemnation of the property, without any allegation of the time or times at which the offences were committed.
The record alone, then, could not and did not disclose by whom or at what time the penalty was incurred which worked a forfeiture of the property. But it was competent to aid the record, and supply this proof by extrinsic evidence. (Doty v. Brown, 4 Comst.,, 71; Dunckel v. Wiles, 11 N. Y., 420; White v. Madison, 26 id., 117.) Such evidence is not in contradiction of the record, but consistent with it, and of facts essential to give effect to it. Such evidence was very broadly, and in different forms, offered and excluded. The offer was, in substance, to prove, the informer being under examination as a witness, specific violations of the revenue laws by the prior owners of the distillery, before the purchase by the defendant; and that for those illegal acts the property was condemned and sold. In other words, that the illegal .acts of those operating the distillery before the purchase by the defendant were reported to the government, and mentioned in the libel, and established by the decree. The objection to the evidence was upon two grounds : that the defendant could not contradict the record, and that the defence was unavailable, because there had been no attempt by the defendant to rescind the contract; and the objection was sustained. Ueither of these objections, as we have seen, were *404 well taken. It is now sought to sustain the exclusion of the-evidence on the ground that the answer alleged a different offence as the cause, of forfeiture from my alleged in the libel of information. The answer does substantially aver illegal acts which are embraced in the libel, although in somewhat different language; the libel adhering more closely to the words of the statute declaring the offence and inlposingthe penalty; and the judgment cannot be sustained on this ground. Another answer, however, is that the objection to-the sufficiency of the answer was not taken at the trial, and cannot, therefore, be taken here. If the answer was defective in not sufficiently stating the acts by which the forfeiture was incurred, the objection to the evidence should have been upon that ground; and, if well taken, the answer could háve been amended. Not having been - taken then, as it might have been obviated, it was waived. (Kerr v. Hays, 35 N. Y., 331.)
The judgment must be reversed and a new trial granted.-’ All concur.
Judgment reversed.