FIRST NATIONAL BANK OF HASTINGS *vs.* JOSEPH LAMONT, *et al.*

Opinion filed April 16th, 1896.

**Mortgage of Homestead—Validity.**

> An existing legal obligation is sufficient of itself to constitute a valuable consideration for a promise to an extent corresponding with the extent of such obligation. Accordingly, *held*, that a mortgage executed by the wife of the debtor jointly with him upon their homestead, to secure the payment of new notes given by him as collateral to old notes, on which he was liable as maker, was a valid mortgage, although the mortgage would not have been binding upon her homestead interest in the property, and would therefore have been void in toto if it had been given to secure the old existing notes, without any new consideration. For the purposes of this point, the court assumed that there was no extension of time of payment.

**Sufficiency of Consideration—Extension.**

> But, further, *held*, that the transaction on its face created a presumption that there was an extension of time for payment of the old notes, which was not rebutted; and that, therefore, for this reason also, there was a sufficient consideration to support the notes and the mortgage.

Appeal from District Court, Cass County; *McConnell*, J.

Action by the First National Bank of Hastings, Minn., and others, against Joseph Lamont and others. From a judgment for defendants, plaintiffs appeal.

Reversed with directions.

*Charles J. Mahnken,* (*Benton & Amidon,* of counsel,) for appellants.

The weight of authority is that a homestead right cannot be acquired in real property the title to which is held by tenents in common. Waples on Hd. & Ex. 131-140; *Threshing Machine Co.* v. *Joyce,* 16 S. W. Rep. 147. A partner cannot acquire a homestead right in real property owned by the firm. Waples Hd. and Ex. 143; *Drake* v. *Moore,* 23 N. W. Rep. 263; *Hoyt* v. *Hoyt,* 28 N. W. Rep. 500. The attempted denial in the answer, does not comply with the statute. It denies knowledge, but does not deny information. *Sigmund* v. *Bauk of Minot,* 4 N. D. 164. The case at bar comes within section 3872, Rev. Codes.

*Spencer* v. *Ballon*, 18 N. Y. 330; 1 Daniels Neg. Inst. 184. When the new notes were taken the old notes were past due. The taking of the new notes operated as an extension of the old notes—The law will imply an agreement to extend from the transaction, and this extension would be a sufficient consideration to support the new notes. *Baker* v. *Walker*, 14 M. and W. 464; *Mobile Life Ins. Co.* v. *Randall*, 71 Ala. 220; *Smarr* v. *Schmitter*, 38 Mo. 478; *Lea* v. *Dozier*, 10 Humph. 447; *Place* v. *McIlvain*, 1 Daly. 266, 38 N. Y. 96; *Hart* v. *Hudson*, 6 Duer, 304; *Jaggar Iron Co.* v. *Walker*, 76 N. Y. 521.

*Fred B. Morrill*, for respondent.

A homestead right can be acquired in real property the title to which is held by tenents in common. *Oswald* v. *McCawley*, 42 N. W. Rep. 769, 6 Dak. 289. And this accords with the decisions of other courts. *Sherrid* v. *Southwick*, 5 N. W. Rep. 1027; *Lozo* v. *Sutherland*, 38 Mich. 168; *Cleaver* v. *Bigelow*, 27 N. W. Rep. 851; *Shepard* v. *Cross*, 33 Mich. 98; *Dye* v. *Mann*, 19 Mich. 29; *Gyles* v. *Miller*, 54 N. W. Rep. 551; *Felds* v. *Duncan*, 30 Ill. App. 589; *Kaser* v. *Haas*, 7 N. W. Rep. 824. The notes themselves show that they were given as collateral to the old notes and without consideration. There being no consideration for them the mortgage and notes were void. *Kansas Mfg. Co.* v. *Grandy*, 9 N. W. Rep. 569; *Cawley* v. *Kelley*, 19 N. W. Rep. 65; *Coffin* v. *Lockhart*, 24 N. Y. Supp. 1025; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Wear & Co.* v. *Pierce*, 24 Pick. 141; *Connell* v. *Clifford*, 45 Ind. 392.

CORLISS, J. This litigation involves the validity of two notes, and also a mortgage upon a leasehold interest in real property given to secure their payment. Joseph Lamont and Charles Scott, being the owners as tenants in common of a leasehold interest for a term of 99 years in certain real estate situated in the City of Fargo, executed and delivered a mortgage thereon to secure the payment of $16,500, borrowed by them of the mortgagee. This indebtedness was evidenced by their three promissory notes. Subsequently, one of these notes was paid, leaving the

two other notes, one for $5,000 and the other for $6,500, still unliquidated. In August, 1888, the defendant Scott transferred his interest in the leasehold to the defendant Lamont. In April, 1891, defendant Lamont executed and delivered to the then holders of these two notes his two individual notes, for the amounts due thereon, respectively, at that time, for principal and interest, which notes were payable at a future day; and on the same day, and as part of the same transaction, he and his wife executed and delivered to the holders of such two original notes a mortgage upon Lamont's leasehold interest in such property. The original mortgage was not executed by Lamont's wife. At the time it was executed, Lamont and his wife were residing upon this property as their homestead. This mortgage was therefore void as to Lamont's interest in the leasehold, unless the fact that Lamont and Scott were tenants in common of this leasehold interest is fatal to the claim that it constituted Lamont's homestead at the time the mortgage was given. We will, for the purposes of this case, assume that Lamont had a homestead right in the property, despite the fact of such cotenancy. Strong reasons and a powerful array of decisions support it. See *Giles* v. *Miller*, (Neb.) 54 N. W. 551; *Oswald* v. *McCauley*, 6 Dak. 289, 42 N. W. 769; *Lozo* v. *Sutherland*, 38 Mich. 168; *Kaser* v. *Haas*, (Minn.) 7 N. W. 824; *Cleaver* v. *Bigelow*, (Mich.) 27 N. W. 851; *Sherrid* v. *Southwick*, 43 Mich. 515, 5 N. W. 1027. See cases cited in Thomp. Homest. & Ex. § 180, note 2. But in view of the fact that the question is difficult of solution, and that eminent courts have reached a different conclusion from that enunciated by the courts whose decisions are here cited, we deem it best to leave this interesting and perplexing problem for future solution.

Starting with the proposition that the first mortgage was void as to Lamont's interest, the defendant's counsel insists, and the trial court so ruled, that the facts surrounding the giving of the new notes and mortgage established the legal conclusion that they are unsupported by any consideration, and are therefore void. The action was to foreclose both of the mortgages, and

in the complaint both sets of notes were relied on. If the new notes and the new mortgage are valid, this court is fully justified under the pleadings in treating this action as an action to enforce these new notes by a foreclosure of the new mortgage. The trial court rendered judgment annulling such notes and mortgage as void for want of consideration. It is from this judgment that the appeal was taken, and the case is here for a new hearing upon the whole record.

When these new notes and this mortgage were given, the old notes were not surrendered. Nor were such new notes given as renewals of the old notes. On the contrary, they were delivered and accepted merely as collateral security to the old notes. It is therefore contended that there was no consideration for them sufficient to support the mortgage against the wife of defendant Lamont. It is conceded by counsel for defendants that, if the time of payment of the original notes was extended by this transaction, there is sufficient consideration to support the new notes and the mortgage given to secure their payment. But it is urged that the evidence in the case is conclusive against this theory. Assuming at this point that this position is well taken, we are yet unable to agree with counsel for defendants that these new notes and the new mortgage are unsupported by a sufficient consideration. It is true that the wife of Lamont occupies a position analogous to a surety. She has in terms mortgaged her homestead right; and it is a well-settled rule of law that a contract made by a surety at a time subsequent to the execution of the principal agreement is, in the absence of some new consideration, invalid. But it is equally well established that if, contemporaneously with the execution of a contract binding on the principal, another person, without further consideration, becomes surety thereon or a guarantor thereof, the same consideration which suffices to render obligatory the promise of the principal is also effectual to support the promise of the surety or guarantor. That the new notes executed by Lamont were supported by ample consideration cannot admit of doubt. At the time of their execution, the

persons to whom they were executed held the existing legal obligations of Lamont for the full amount for which they were given. This is undisputed. It follows, therefore, that the notes were supported by a sufficient consideration. Section 3872, Rev. Codes; *Spencer* v. *Ballou*, 18 N. Y, 327, 330. The mortgage having been executed by Lamont and wife as part of the same transaction, the consideration for the notes furnished ample legal consideration for the mortgage given by the wife on her homestead right. 2 Rand. Com. Paper, § 920; *Harrell* v. *Tennant*, 30 Ark. 684; *Bank* v. *Coit*, (N. Y.) 11 N. E. 54-56; *Spencer* v. *Ballou*, 18 N. Y. 327. The case of *Spencer* v. *Ballou* is directly in point; and it is a significant fact, as bearing upon the proper construction of what is now section 3872 of the Revised Codes, that that section is a verbatim copy of one of the sections of the proposed Field Code, which was not adopted in New York. The New York commissioners, in their note to that section, cite the case of *Spencer* v. *Ballou*, thus evincing a purpose to embody in that section the rule applied in that case. Of course, if no new notes had been executed, the mortgage would have been void as to Mrs. Lamont, and hence void in toto.

We desire to place our decision on still another ground. We think the fair inference to be drawn from the facts in this case is that all parties understood that the time for the payment of the original notes was extended until the maturity of the new notes. The holders of the old notes were pressing for payment, and it is evident that Lamont was unable to pay them at the time the new notes were given. What he needed was an extension of time, and it is incredible that he would have given these new notes and a mortgage on the property with the understanding that he could be sued the next moment on the old paper. The subsequent conduct of the holders of this new paper sheds some light on the implied understanding of the parties. No attempt was made by these plaintiffs to enforce the old notes until after the maturity of the new notes. It is to us a very significant circumstance that Lamont did not testify that it was the understand-

ing that the time should not be extended by the giving of the new notes and mortgage. All he testified to was that there was entire silence on the subject so far as any understanding outside of the papers was concerned. He declared that the notes explained the transaction. There is not a particle of evidence showing that the parties agreed that, despite the fact that the new notes of one of the debtors were given for the same debt, the right to sue on the old notes should not be suspended for a single hour as to either defendant. The retention of these notes might under different circumstances have indicated a purpose not to extend the time. · If there was no other reason for their retention by the holders of them, it possibly might be urged that they were kept by them because they did not desire to surrender their right to sue at any time. But the plaintiffs in this case had an all-sufficient reason for retaining these old notes, for to surrender them up would have been to discharge the liability of Scott, who was one of the joint makers thereof. We cannot therefore regard their retention and the fact that the new notes were taken as collateral to them as indicating a purpose not to suspend the cause of action on the old notes. When taken as a whole, the transaction creates a natural presumption that an extension was intended, and there is no evidence in the case to rebut this presumption. The testimony of Lamont is very evasive and unsatisfactory. Had the fact been that it was understood that, as soon as he had given these notes and the mortgage, he could be sued on the old notes, he could easily have testified to such fact. But there is no such evidence in the case. His explanation of the transaction is that these new notes were given to accommodate the bank, so that it would have live paper to present to the examiner. We do not question the fact that some talk of this kind may have occurred. But why did he execute a new note to the plaintiff Abbie I. Mairs? It has not been suggested that the bank examiner was to call on her as well, or that she was under any obligation to exhibit to him her private property, or that she would have had any reason for preferring to exhibit to

him live rather than overdue paper. If we were to accept the theory that the only purpose in giving this new paper was to accomodate the bank, we would be compelled to believe that Lamont, without any necessity therefor, and utterly without any object whatever, if he was not obtaining an extension of time, voluntarily gave a new note to plaintiff Abbie I. Mairs, and, in addition, executed a mortgage to secure the whole debt, as well the portion owing to her as the portion due to the bank. This theory leaves the giving of the Mairs note and the execution of the mortgage entirely unaccounted for. On this branch of the case, we cite *Andrews* v. *Marrett,* 58 Me. 539; 3 Rand. Com. Paper, § § 1567, 1569; 1 Daniel, Neg. Inst. § § 830, 831; 2 Rand. Com. Paper, § 462.

Our conclusion is that the new notes and the new mortgage are valid, and that plaintiffs are entitled to the usual decree of fore-closure and sale. The District Court is directed to enter a decree in accordance with this opinion for the amount due upon the two notes, dated April 7, 1891—one for the sum of $5,793.35, and the other for $7,496.66,—and declaring the said mortgage to be a valid lien for the amount of such notes upon the interest of defendants Lamont and wife in the leasehold, and directing a sale of their interest in such premises to satisfy such mortgage lien, with costs, in accordance with law. All concur.

(67 N. W. Rep. 145.)

NOTE—See *Towle* v. *Greenberg,* 68 N. W. Rep. 82.