GEORGE E. TOWLE *vs.* N. GREENBERG, *et al.*

Opinion filed July 2nd, 1896.

**Claim and Delivery—Review of Evidence.**

>    This case involves only questions of fact.   Evidence examined, and *held* to sustain the findings of the trial court.

Appeal from District Court, Grand Forks County; *Templeton*, J. . Action by George E. Towle against N. Greenberg and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Cochrane & Feetham*, for appellant.

*J. H. Bosard, Tracy R. Bangs*, and *Bangs & Fisk*, for respondents.

BARTHOLOMEW, J.   This action was in claim and delivery for certain personal property which it is conceded was owned by and in possession of respondents, and to which appellant claimed a right of possession under and by virtue of a chattel mortgage executed by said respondents to him.   In general outline the facts surrounding the transaction were as follows:   The respondents were indebted to the Union National Bank of Grand Forks in the sum of about $3,700, a portion of which was overdue, and the bank was pressing for payment, and respondents were unable to pay.   A new note was given for the amount of the indebtedness.   It was dated October 3, 1893, and became due October 16, 1893, and was secured by a chattel mortgage upon the property in dispute.   But the note and mortgage were executed in favor of appellant, and not in favor of the bank.   That fact gives rise to this contention.   Appellant claims, and his claim is supported by the testimony of Mr. Beecher, an officer of the bank, who was also an agent for appellant, that it was proposed to respondents that they should borrow from appellant an amount sufficient to pay their indebtedness to the bank.   Respondents were represented in the matter by N. Greenberg.   It is claimed that the

proposition was accepted, and the papers drawn up accordingly, and signed by N. Greenberg and Anna Greenberg, his wife, and Mrs. B. Fishman. Mr. M. Fishman who was absent, did not sign until later. On the other hand, Mr. Greenberg testifies that the appellant, Towle was not known in the transaction, and his name was not mentioned; that only a small portion of the indebtedness of Greenberg and Fishman to the bank was overdue when the new note was given; and that the bank officer, Mr. Beecher, represented that there was soon to be a meeting of the directors of the bank, and that it would look better on the books, and be a great accommodation to him, if a new note, with security, could be given for the whole amount, and that it was for that reason that the new note was given. Mr. Fishman testifies that when he signed the note the same representations were made to him, and the same reasons assigned, to induce him to sign the papers. It appears from their testimony that neither Greenberg nor Fishman can read written English with any proficiency, and that they signed the papers in the full belief that they ran to the bank, and never knew appellant in the transaction until this action was begun. It is also undisputed that very soon after the execution of the note it was indorsed to the bank by Mr. Beecher as agent for Mr. Towle; that it was entered among the bills receivable of the bank, and not on the register of notes held for collection; and that on the visit of the national bank examiner to the bank, the note was reckoned as a part of the assets of the bank; and that some three months after the note was given a renewal note was given for the amount remaining due, which note ran directly to the bank. There is nothing in the evidence to show that the bank paid Towle anything for the note when it was indorsed. From these facts and circumstances the trial court found that respondents never borrowed any money from appellant; that there was no consideration passing between appellant and respondents to sustain the note; and that appellant was not, and never was, the beneficial owner thereof, or entitled to any beneficial interest therein. We think this finding is supported by a

preponderance of the evidence, direct and circumstantial. It is claimed, however, as we understand from the brief of the learned counsel for appellant, that the note never was legally indorsed to the bank; that no authority is shown on the part of Mr. Beecher to indorse the paper of his principal; and that in fact the note always remained the property of Towle, and that consequently he is the legal holder thereof, and may maintain an action thereon; and that, since respondents owe the debt to some one, they cannot be heard to question appellant's right to recover. We think, for several reasons, that this position is not sound. We have already held that there was no consideration for the note, as between the parties thereto; that appellant loaned respondents no money at that time; hence the old notes were not paid, neither were they extended. Had the new note run to the bank, as the reapondents supposed, and had such new note been taken as collateral to the old notes, the effect might have been to suspend any right of action on the old notes until the new note matured, and thus furnish a consideration for the new note. *Bank* v. *Lamont*, (decided at this term) 67 N. W. 145. Had the appellant actually advanced money with which the old notes were paid and discharged, there would be much more reason in saying that it could make no difference to respondents to whom they paid the note. But we have held that the old notes were not paid. Mr. Beecher admits that they were not paid when he says that the bank still holds them, and holds them on the theory that they represent a liability on the part of respondents. True, he explains it by saying that subsequent to the execution of the note to appellant the bank guarantied the note, and that it holds the old notes as collateral to its liability on such guaranty. But the respondents never requested the bank to guaranty such note, and never knew that it was done. The bank had no right to make that voluntary guaranty, and then seek to force respondents to indemnify it thereon. Moreover, if the old notes were paid,—as they must have been if there was any consideration for the new note,—then they became mere waste paper, and could be of no

value as collateral or otherwise. But, as the old notes were not paid, and are still held by the bank, it becomes vitally important to respondents whether or not they shall be compelled to pay a note which, if it represents anything, represents the same indebtedness, to a third person, while their old notes shall remain in the hands of their original creditor. The bank is not a party to this action, is not before the court, and cannot be bound by any judgment in this case. Nor would we like to say, under the evidence in this case, that appellant has the legal title to the note. The trial court expressly found as follows: "That the plaintiff has no interest in the note or mortgage set forth in the complaint, the note having been indorsed and transferred before the commencement of this action, and the same is now owned by the Union National Bank." This is undisputed, but it is said that it is not shown that the agent, Beecher, had authority to indorse the note. The agent, as a witness for his principal, testifies that he so indorsed the note, and the principal has never questioned his authority so to do, and does not question it now. He simply claims through his counsel that this fact has not been brought upon the record. But it is clear from the testimony that Towle knew of the indorsement at the time, or very soon thereafter. It does not appear that he made any objections. He left the bank to deal with the note as with its own property. The whole evidence leads us irresistibly to the conclusion that the bank used the name of appellant simply for its own purposes, and in its own interests, and that, if appellant ever held any legal title to the note, such title has been transferred to and is held by the bank.

The findings of the trial court were right on the evidence, and the judgment must be affirmed. All concur.