## McHENDRY v. REILLY AND WIFE.

LAND on which a vendor's lien exists for the purchase money, may become a homestead, but the homestead right is subordinate to the lien. And after this right has attached, the husband cannot, without the assent of the wife, charge the land by an agreement to pay interest in addition to the purchase money.

APPEAL from the Twelfth District.

*L. Sanders, Jr.* for Appellant.

*Wm. W. Crane, Jr.* for Respondent.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Bill filed to enforce a vendor's lien for balance due of purchase money. For this balance (some three hundred dollars) defend-

ant gave his due-bill in 1854, payable four months after date, with three per cent. interest per month. It seems no interest was due on this balance until the giving of the note. The premises had become the homestead of the defendant before the giving of this note. The decree of the Court was for a sale of the land, for some seven hundred dollars and upwards, being for this balance and the agreed interest.

We do not understand that land on which purchase money is due may not become impressed with the character of a homestead; but only that the homestead right is subordinate to the lien, when such lien exists, for the purchase money. But having acquired this character, it was not competent for the husband to charge the land further by agreement of this sort, without the wife's assent, as provided by statute, any more than to bind it by an entirely new contract. For this error the decree is reversed, with leave, however, as the point does not seem to have been taken below, and may be varied by other proofs, to both the parties, to try the case *de novo* if desired.