## ABRAHAM HOPPER, Respondent, *v.* RICHARD R. PARKINSON *et al.*, Appellants.

Mortgage to secure Purchase Money not a Vendor's Lien.   A suit to foreclose a mortgage given to secure the purchase money of land, is not a suit for the enforcement of a vendor's lien.

No Homestead as against Lien for Purchase Money.   There can be no homestead right acquired in property as against the purchase money unless the lien therefor, whether created by mortgage or existing by way of vendor's lien, has been relieved in some lawful way.

16

Hopper *v.* Parkinson.

FORECLOSURE OF MORTGAGE FOR PURCHASE MONEY.  In a foreclosure suit on a mortgage given by a husband to secure the purchase money of land, and made contemporaneously with the deed of the land to him, the wife, being admitted to defend, set up a homestead right: *Held,* that neither husband nor wife could acquire any homestead right as against the mortgage debt.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion.

*Clayton & Davies,* for Appellants.

The property sought to be subjected to the payment of this debt is a homestead.    (4 Cal. 268; 6 Cal. 234; 10 Cal. 296; 3 Nev. 182.)

A mortgage of a homestead, less than five thousand dollars in value, signed by the husband alone, is absolutely void.  (Stats. 1864–5, 226; 8 Cal. 66; 12 Cal. 327; 33 Cal. 266; 1 Nev. 568 and 607.)

A vendor's lien does not exist where a mortgage security is taken for the purchase money.  (12 Cal. 301; 17 Cal. 70; 23 Cal. 633.)

*R. M. Clarke,* for Respondent.

The obligation in suit being for the purchase money, no exemption exists.  "For the payment of obligations contracted for the purchase of said premises," they are always, and under all circumstances, liable to forced sale.  (Const., Art. 4, Sec. 30.)  No homestead exemption exists as against the purchase money.  Independently of the provision of the Constitution, which is deemed conclusive, the deed and mortgage being simultaneous and parts of the same transaction, the homestead right is subject to the mortgage.  (*Lassen* v. *Vance,* 8 Cal. 271; *Carr* v. *Caldwell,* 10 Cal. 380; *McHendry* v. *Reilly and Wife,* 13 Cal. 75.)

By the Court, JOHNSON, J.:

On the twenty-fourth of April, 1865, Hopper, the respondent

herein, sold to Richard R. Parkinson, one of the appellants herein, a lot of land in Carson City and improvements thereon, including a dwelling house. A deed of conveyance in the ordinary form was executed, but no part of the purchase money being paid, said Parkinson made his promissory note for the amount expressed in the deed as the consideration of such sale, and also executed a mortgage to Hopper on the property so conveyed, to secure the payment of said note. The deed, note, and mortgage are of corresponding date. The appellants are husband and wife, and in such relation were living in said Carson City at the date of these transactions.

After maturity of the note and its nonpayment, Hopper brought suit against the maker thereof to recover judgment upon the note, and for a decree of foreclosure against the mortgaged property. Thereupon, the wife, Ellen Mary Parkinson, appeared, and of her own motion was made codefendant in the action. The joint answer of these defendants admits all of the issuable averments contained in the complaint: but by way of defense to the foreclosure proceeding, they set up in themselves a homestead right to the mortgaged premises, and ask that it may be adjudged good as against said mortgage. The answer alleges the marital relations of the parties defending, such as to entitle them to claim the benefit of our homestead laws: "That from, on, and since the twenty-fourth of April, 1865, they, with their family of children, have continuously resided and lived upon said premises, and have since said time occupied said premises as a homestead; and that they do now claim, hold, and occupy the same as a homestead, and that on the ninth of March, 1869, Ellen Mary Parkinson, one of said defendants, made and filed in the proper office, in due conformity with law, a statement declaring her intention to hold and claim said premises as a homestead." The value of the property, it is conceded, does not exceed five thousand dollars.

By consent the issues of fact were tried by the Court, without a jury, and thereupon the findings were in accordance with the allegations of the complaint, fully covering the averments therein stated, "that the note and mortgage were executed simultaneously, and to secure the payment of the purchase money of the aforesaid premises." The Court furthermore found, in respect to the new matter alleged

in the answer: " That from and since the said twenty-fourth of April, 1865, the defendant, with his wife and family, has continuously resided upon the premises described in the complaint, and occupied the same as a homestead." Also found the further fact that the wife, on the ninth of March, 1869, made the declaration as provided by statute, claiming the mortgaged premises as a homestead for the use of herself and family. Upon these findings, judgment was rendered for the amount of the note and accrued interest; also, decreeing the sale of the property in satisfaction of such judgment. From the decree ordering the sale of the mortgaged property defendants bring this appeal.

The argument in support of the appeal presents the following points: " *First*, the property sought to be subjected to the payment of this debt is a homestead; *second*, a mortgage of a homestead not exceeding five thousand dollars in value, executed by the husband alone, is absolutely void; *third*, a vendor's lien does not exist where mortgage security is taken for the purchase money."

In respect to a vendor's lien—taking up the several propositions in the most convenient order—it is sufficient to reply, that the question is not involved in this case. The action is not for the enforcement of a "a vendor's lien," in the distinctive sense that term is used, but the proceeding is simply in the form authorized by the statute where a debt has been secured by mortgage on real property. The pleadings, judgment, and decree, properly so treat it. So the argument and authorities directed to this point have no bearing upon the case in hand.

The other two points, and the argument of counsel in support of them, are founded mainly on the theory that the findings of fact (for beyond such finding, in respect to matters of fact, we cannot look, seeing that in no way has the evidence been brought up) show, that at the time said mortgage was executed—the twenty-fourth of April, 1865—the appellants had acquired a homestead right to the property in question. To this it is replied by opposing counsel, that, at best, defendants are only shown to have a homestead. therein commencing on the twenty-fifth of April, 1865, as the language used in the finding " from and since the twenty-fourth," excludes the *twenty-fourth*, and is equivalent to fixing

upon the *twenty-fifth*, the day after the mortgage was executed, as the earliest period any such right existed, and consequently it cannot stand in the way of the antecedent mortgage, though executed by the husband alone. Perhaps, as there seems to be some conflict of authority upon the question, it is one not free of doubt; and as we propose to determine the case at bar upon broader grounds, embracing the entire merits, it is not necessary at this time to express an opinion upon that point.

The exemption claimed by defendants in this case must be tested by the constitutional and statutory provisions pertaining to homesteads.

Section thirty, article four of the Constitution, provides that " a homestead, as provided by law, shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon."   *   *   *

The Act approved March 6th, 1865, (Stats. 1864–5, 225, Sec. 1) declares that " a homestead consisting of a quantity of land, together with the dwelling house thereon and its appurtenances, not exceeding in value the sum of five thousand dollars, to be selected by the husband and wife, or either of them, or other head of a family, shall not be subjected to forced sale on execution, or any final process from any Court."   *   *   *

Section two (Stats. 1864–5, 226) provides that " a mortgage or alienation to secure the purchase money, or pay the purchase money, shall be valid if the signature of the wife be obtained to the same."   *   *   *

Defendants' counsel, proceeding upon the theory that immediately upon the execution of the deed a homestead right vested in defendants, insists that *any* mortgage is void as against such right, unless the wife joins in its execution, in pursuance of section two of the Act above quoted. But the difficulty lies here. The premises are wrong. There can be no such thing as a homestead right as against the purchase money, unless the lien, whether created by mortgage or existing by way of a vendor's lien, has been relieved in some lawful way.

In this case, as we have seen, the vendor made a deed without receiving any part of the purchase money, but cotemporaneously with the execution of such deed took a mortgage from his vendee covering this identical property to secure this payment of the purchase money. These several acts were but parts of the same transaction. The husband had acquired no homestead right when he made the mortgage as against the debt thus contracted, nor was the condition of the wife different. Perhaps the property may have become impressed with the character of a homestead in respect to other debts, yet the exemption here claimed must be held subordinate to the mortgage ; for no homestead claim could be made until after the purchase was fully effected, to wit : the payment of the purchase money. (*McHendry* v. *Reilly and Wife*, 13 Cal. 75 ; *Peterson* v. *Hornblower*, 33 Cal. 275.)

" And, even if executed subsequently to the declaration of homestead," as aptly expressed by Justice Rhodes in the case last cited, " it would be held by any Court in which it might be foreclosed, upon the plainest principles of equity, to have priority over the homestead claim, unless the Court was prepared to hold that the Act was a legislative device to enable purchasers to swindle vendors." The circumstances, as well as the constitutional and statutory provisions reviewed in the case last referred to, are somewhat different from the one at bar ; but, nevertheless, the governing principles are the same, and fully warrants a like conclusion.

It follows, therefore, from the views herein expressed, that the decree must be affirmed.

It is so ordered.