## WRIGHT vs. WALKER

### (No. 1117, April 28th, 1924; 225 Pac. 75.)

APPEAL AND ERROR—BILL OF EXCEPTIONS—HOMESTEAD—PUBLIC LANDS—MORTGAGE ON HOMESTEAD BEFORE PATENT—MORTGAGE OF HOMESTEAD BY HUSBAND ALONE FOR IMPROVEMENTS—MORTGAGE FORECLOSURE BY ADVERTISEMENT—REDEMPTION FROM MORTGAGE SALE.

1. There being no bill of exceptions in the record, the findings of fact are not questioned.

2. Under Const. art. 19, § 1, as to homesteads, considered with Comp. St. 1920, § 4875, as to mechanics' and builders' liens, mortgage by husband alone on homestead to secure release of judgment on mechanic's lien for improvements is good.

3. The federal homestead laws do not prohibit an entryman from incumbering the land prior to patent for improvements placed thereon.

4. Mortgage given by husband alone on homestead to secure release of judgment on mechanic's lien is valid, at least to the extent of debt for improvements and interest thereon, and not void, though including more.

5. One knowing of mortgage foreclosure proceedings, in all respects regular, cannot by suit, unsuccessfully attacking the mortgage after statutory time for redemption has expired, be again given right to redeem.

ERROR to District Court, Converse County; VOLNEY J. TIDBALL, Judge.

Action by Margaret A. Wright against O. L. Walker, and others, to vacate a real estate mortgage, foreclosure sale certificate and Sheriff's deed issued upon foreclosure. There was judgment for defendants and plaintiff brings error.

*Maurer & Walker* for plaintiff in error.

The mortgage and all proceedings thereunder were void because given upon the homestead, and not signed by plaintiff in error; the mortgage was void insofar as it cov-

ered any sums in excess of amounts due for improvements on the homestead, and interest thereon, 4619 C. S., the homestead provided by Article XIX, Section 1, Const. is one to be provided by law; 6031 C. S. defines the homestead, Powers v. Pense, 20 Wyo. 138 is not applicable under the facts in the present case; there both parties intended to create a lien; in this case the wife was not a party to the mortgage, had no knowledge of it and is not bound, Jenkins v. Simons, 15 Pac. 522; the Constitutional provision is not self-executing, 12 C. J. 730-33; the exemptions are subject to tax and purchase money liens, 2879, 4875, 6037 C. S.; mechanic's liens are created only by following the statute, Waples 362-365, 368; 13 R. C. L. 547; McPhee v. O'Rourke, (Colo.) 15 Pac. 422; the mortgage covered $36.63 in excess of the debt claimed for improvements and was to that extent void; the judgment is not res judicata as to plaintiff in error, 15 R. C. L. 1005; a mortgage may be valid in part and void in part, Jones 7th ed. 621; Conradt v. Lepper, 81 Pac. 307; a mortgage upon a homestead signed by husband alone to secure purchase money and other indebtedness is valid as to purchase money and void as to residue, Roby v. Bank, 4 N. D. 156; Pratt v. Bank, 12 Kans. 570; Dillon v. Byrne, 5 Cal. 455; where a mortgage is valid in part, a court of equity having acquired jurisdiction will administer relief, 10 R. C. L. 372; 21 C. J. 679; Williams v. Fitzhugh, 37 N. Y. 444.

*Nichols & Stirrett,* for defendants in error.

There is no homestead exemption against claims for improvements, Const. Art. XIX, Sec. 1; 4875 C. S., Powers v. Pense, 20 Wyo. 338; Waples 331, 346; Nichols v. Overacker, 16 Kan. 54; Carr v. Caldwell, 10 Cal. 380; Jones v. Parker, 51 Wis. 210; Kaiser v. Lembeck, 55 Ia. 244; the Constitution is self-executing, Nickerson v. Crawford, 77 N. W. 292; lien claims may be incurred before patent, Stark v. Morgan, 73 Kan. 453; Runyon v. Snyder, 100 Pac.

420; joinder of wife is unnecessary in mortgage for improvements, Tyler v. Johnson, (Kan.) 28 Pac. 198; U. S. Invest. Co. v. Co., 37 Pac. 982; Roby v. Bank, 59 N. W. 719; Clements v. Lacey, 51 Tex. 150; a debt for improvements does not lose its character, so long as it can be traced, Dillon v. Brynn, 5 Cal. 455; Green v. Bernard, 18 Kan. 518; McElmurray v. Blue, 91 Ga. 509.

Riner, District Judge.

Margaret Wright, plaintiff in error, hereinafter designated "plaintiff", instituted this action in the District Court of Converse County to cancel a real estate mortgage, and certificate of purchase and sheriff's deed issued upon a foreclosure thereof. She also sought a decree adjudging the title to said real estate to be in her clear of any encumbrance, and enjoining the defendants in error, hereinafter designated the "defendants" from claiming any interest therein. The case was tried to the court without a jury and judgment rendered in favor of the defendants, that the plaintiff take nothing and that defendants recover their costs, title to the real estate involved being quieted in them as against the plaintiff's claim.

The District Court, upon request, stated its findings of fact and conclusions of law in writing. It is urged that the judgment is not sustained by the findings and is contrary to law. No bill of exceptions appears in the record on file and the findings of fact are hence not questioned.

The facts material to the issues here, as found by the court or admitted in the pleadings, are that about August 20th, 1909, George W. Wright made homestead entry for the northwest quarter of Section 9, township 32, range 67 west of the Sixth P. M.; that early the next year the entryman and plaintiff his wife established residence thereon; that the defendant O. L. Walker Lumber Company prior to August 1915 furnished lumber and building materials to Wright with which the latter erected a dwelling house and other buildings upon said land; that on August

14th, 1915 the Lumber Company, having previously filed a mechanic's lien on said property for the material thus furnished, foreclosed said lien, obtaining a judgment in the District Court for the sum of $313.80; that patent was issued by the United States government to Wright in September 1915; that on January 3rd, 1916 Wright, in order to prevent the sale of the land under the judgment aforesaid, executed and delivered to the O. L. Walker Lumber Company a mortgage on said real estate and buildings for $325.00, the sum of $36.63 in excess of the value of the material furnished being through error included in this mortgage; that the mortgage contained the following provisions:

"It is understood that this mortgage is given to secure the release of a judgment and decree upon a mechanic's lien upon the said premises and the said mechanic's lien is hereby merged into and extended and continued with the mortgage lien hereby created;"

that the mortgage was duly recorded the day of its date; that this mortgage was given without the consent or knowledge of the plaintiff, who never waived her homestead rights; that on March 18th, 1916 these premises were conveyed by Wright's warranty deed to plaintiff, the deed being recorded September 27th, 1918; that in May 1916 the Lumber Company foreclosed said mortgage by advertisement and became the purchaser at the sale of the land, sheriff's deed to it being issued November 14th, 1916; and that the land in controversy does not embrace more than 160 acres and is less than $2500.00 in value.

The court reached the conclusion that as a matter of law the land constituted the homestead of Wright and the plaintiff, but held the mortgage valid to the extent at least of the amount found due on the mechanic's lien foreclosure; that the sale proceedings under the mortgage should not be set aside and that, as recited above, judgment should be for the defendants.

It is argued against the result so reached that the mortgage and all proceedings thereunder were invalid because the encumbrance covered the homestead and was not signed by the plaintiff. But the indebtedness secured by the mortgage on the homestead was for improvements placed thereon. Sec. 1 of Art. XIX of the Constitution of Wyoming relating to "Homesteads", as construed and applied by this Court in the case of Powers v. Pense, 20 Wyo. 327, 123 Pac. 925, 40 L. R. A. (N. S.) 785, when considered with Sec. 4875 of Chap. 308, Mechanics' and Builders' liens, Wyoming Compiled Statutes 1920, logically disposes of such a contention. The case referred to dealt with a mortgage executed by a grantee to a third person as security for money loaned for payment of the purchase price of a homestead, but on principle the rule there declared is applicable here. It is not necessary to cite cases to show that it has been repeatedly held that the Federal homestead laws do.not prohibit an entryman from encumbering the land prior to patent for improvements placed thereon.

Plaintiff also insists that the mortgage was void in so far as it covered any sum over and above the amount and interest thereon due for improvements, and that therefore all of the proceedings thereunder are void and should be set aside. Assuming the truth of the premise thus contended for the conclusion does not follow. The weight of authority would appear to establish a different rule.

"If the original debt is evidenced by a note secured by endorsements, or by a mortgage, or has been renewed by other notes, although for a different amount or with a different rate of interest, or if the original or renewal note has been reduced to judgment, the homestead remains liable for the payment of the purchase money so evidenced." 29 C. J. 867, Sec. 221.

It has often been ruled where the note or indebtedness has been added to on account of loans made for other purposes, that to the extent the note sued on is a renewal of so much of the debt for borrowed money as was used to pay for the homestead it is valid and the security enforceable.   Dillon v. Bryn, 5 Calif. 455; Hughes v. Sebastian County Bank, 129 Ark. 218, 195 S. W. 364; Hicks v. Morris, 57 Tex. 658; Carr v. Caldwell, 10 Calif. 380; 70 Am. Dec. 740; Birrell v. Schie, 9 Calif. 104; Roby v. Bismarck Nat. Bank, 4 N. D. 156, 59 N. W. 719; 50 Am. St. Rep. 633.

A distinction cannot reasonably be made under the Constitution and laws of this State, as has already been indicated herein, between indebtedness incurred for improvements placed on the homestead, and indebtedness arising from the purchase of a homestead, as regards the right to claim the statutory exemption.   In each case the indebtedness is and should be enforceable.   Any other rule would be in disregard of the plain wording of constitution and statute law alike.   Neither would it be equitable that purchase money or the price of materials, which go to enhance the land's value to which the seller is entitled, should be taken from him and given to the vendee or entryman of a homestead without any consideration whatever.

Plaintiff knew in 1918 about the sale of the premises under the mortgage, but this action was not begun until January 14th, 1920.   She must have known that improvements were placed on the land by her husband.   Their price obviously was due to be paid.   The mortgage which was foreclosed was of record many months before action was taken thereon.   The foreclosure proceedings as regards notice, and other legal requirements, were all regular as far as appears here.   Plaintiff allowed the time to lapse which the law fixes for redemption without availing herself of that privilege.   To again allow her that right, as claimed in this court, would necessarily be to deprive

the purchaser at the mortgage sale of its undoubted right. The findings support the judgment, and we find no error in the record.

The judgment of the District Court is therefore affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See 4 C. J. p. 179; 29 C. J. pp. 895, 867; 27 Cyc. p. 1822; 32 Cyc. p. 1075.