RUBY L. BURSON

*v.*

DOW & FOWLER.

1. HOMESTEAD—*abandonment.* A party executed a mortgage on certain premises on which he resided, but the deed did not release the homestead, under the statute. Subsequently, he leased the premises to the mortgagee, and surrendered possession, under an agreement that the lease should be renewed from year to year until the mortgage debt was fully paid. After an absence of about five years, he returned, and again went into possession: *Held,* that by the act of the mortgagor in thus surrendering the possession to the mortgagee, he abandoned his homestead right, the case being regarded as like in principle to that of *Brown* v. *Coon,* 36 Ill. 243, in both cases the possession being delivered to be held in conformity with the deed.

2. REDEMPTION—*of the right of a widow to redeem from a sale under a decree of foreclosure of a mortgage executed before marriage.* A party, previous to his marriage, executed a mortgage on certain premises. After his marriage, the mortgage was foreclosed, without his wife being made a party to the suit, the mortgagee becoming the purchaser at the master's sale, and receiving a deed. Subsequently, the mortgagor died: *Held,* the widow, notwithstanding she was not made a party to the suit to foreclose, the mortgage having been executed before the marriage, had no right of redemption.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. GEORGE W. SHAW, for the plaintiff in error.

Messrs. WAITE & MODERWELL, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In 1858, Burson, being the owner of the premises in controversy, mortgaged them to the defendants in error, Dow & Fowler. Burson was then unmarried, but he resided on the premises, and his sister, then about 16 years of age, and for whom he was guardian, lived with him and took care of his house. In October, 1860, he leased the land to the mortgagees, but he and his sister continued to reside upon it until October, 1861, when she married and went away. Burson himself remained until 1863, when he also left. He married in 1865, and in 1868 returned, and again took possession of the premises, and occupied them with his wife until 1870, when he died. The mortgagees had remained in possession of the premises until 1868, when they foreclosed their mortgage, became the purchasers at the master's sale and received a deed.

The wife of Burson was not made a party to the bill to foreclose, and she now, as his widow, files this bill, praying for an assignment of homestead, and also for leave to redeem that her dower may be assigned.

It is not necessary to decide whether Burson, when he executed the mortgage, was the head of a family in such a sense as to entitle him to a homestead right. We are of opinion that if he could be held ever to have had this right, he clearly lost it by the marriage and removal of his sister, and his own subsequent departure and prolonged absence, having first surrendered possession to the mortgagees, under an agreement that the lease should be renewed from year to year,

until the mortgage debt was fully paid. The case is, in principle, like *Brown* v. *Coon*, 36 Ill. 243. It that case, it is true, the deed was absolute, instead of being a mortgage, but the difference is wholly immaterial. In both cases, the possession was delivered to be held in conformity with the deed, and the homestead, as against the grantee in the one case and the mortgagee in the other, was abandoned.

While we can entertain no doubt as·to the homestead, the question of the right of the widow to redeem, for the purpose of having her dower assigned, would present more difficulty, if we could regard it as a new question in this court.

At common law, when the husband had executed a mortgage before marriage, the widow was not dowable in the equity of redemption. In this country, she has been held dowable if the heir redeems, but she is bound to contribute ratably towards the redemption (4 Kent, 46); but her right to dower only·arises upon a redemption by her husband or his legal representatives. *Popkin* v. *Bumstead,* 8 Mass. 491; *Bird* v. *Gardner,* 10 ib. 364; *Gibson* v. *Crehore,* 3 Pick. 475; *Jackson* v. *Dewitt,* 6 Cowen, 316; *Van Dyke* v. *Thayer,* 19 Wend. 162.

The third section of our statute of dower provides that where a mortgage is executed before marriage, the widow shall be dowable out of the lands as against all persons except the mortgagee or those claiming under him. The fourth section contains substantially the same provision as to mortgages made after marriage to secure the purchase money, where the wife has not joined in the mortgage. The fifth section provides that where the land is sold after the death of the husband, under a power in the mortgage or the decree of a court, the wife shall, in the cases provided for in the two preceding sections, be entitled to the interest for her life on one-third of the surplus money, if any shall remain after satisfying the mortgage. Both cases are placed by the statute upon the same footing, and the widow's rights are the same under each section. In *Stephens* v. *Bichnell,* 27 Ill. 444, which was a case

arising under the fourth section, this court held that the wife was not a necessary party to a bill for strict foreclosure, because she was not dowable as against the mortgagee. If she is not a necessary party in order to forclose her interest under one section, she would not be under the other. She was not dowable in either case at common law, and in both cases is dowable to the same extent under the statute. The statute having received this construction in the case above cited, and titles having been acquired under this construction, we do not feel at liberty now to disturb it. We must hold that the plaintiff in error has no right of redemption, notwithstanding she was not a party to the bill to foreclose, the mortgage having been executed before marriage.

The decree is therefore affirmed.

*Decree affirmed.*