[No. 12841.  In Bank. — April 24, 1889.]

# LARKIN SNODGRASS ET AL., RESPONDENTS, v. S. B. PARKS ET AL., APPELLANTS.

ACTION TO QUIET TITLE — PARTIES — DEFENSE. — In an action to quiet title against an unfounded claim of the defendants, a mortgagee of the defendants is not a necessary party.  If the defendants are asserting an unfounded claim to the property, they cannot defend an action of this kind upon the ground that some one else is doing the same thing.

ID. — VENDOR AND PURCHASER — CONTRACT OF PLAINTIFF TO CONVEY TITLE — RESCISSION — ABANDONMENT. — The contract of plaintiff to convey the premises to a third party is no objection to an action by plaintiff, who is the holder of the legal title, to quiet and protect the title against the defendants, who have broken and abandoned a previous contract on their part to purchase the same premises.  No rescission of such prior contract is necessary, if the defendants have acknowledged their inability to pay for the land, and voluntarily abandoned the contract.

ID. — HOMESTEAD CLAIM OF PURCHASER. — A homestead claim of the wife of a purchaser, filed upon property held under a contract of sale which has not been complied with, but has been abandoned for inability to pay the purchase-money, is lost with the loss of the rights of the purchaser under the contract.  Such homestead claim does not give any new title, nor strengthen or enlarge the one existing, and is no defense to an action to quiet title against the purchaser after he has abandoned the contract.

ID. — LANDLORD AND TENANT — PLEADING — FINDINGS. — In an action to quiet title, the defendants cannot claim any protection as tenants of the plaintiffs unless such tenancy is pleaded in the answer.  A finding as to rights of the defendants under a contract of tenancy not pleaded is outside the issues, and must be disregarded.

ID. — EVIDENCE — CONTRACT OF PURCHASE — TENANCY — ABANDONMENT OF PURCHASE — FORFEITURE — WAIVER OF VENDOR'S LIEN. — Evidence is competent, in an action to quiet title, to show that defendants who had contracted to purchase the land from the plaintiffs had become their tenants, in order to prove an abandonment of the contract of purchase.  The contract of tenancy operates as a mutual abandonment of the contract of purchase upon sufficient consideration, and bars any recovery thereon, though the contract of purchase be not formally surrendered.  In such case, there is no forfeiture of the contract.  The vendor waives and abandon his vendor's lien, if he had one, and is not required to file his bill in equity to enforce the same, but may sue the purchaser to quiet title to the premises.

ID. — HUSBAND AND WIFE — AUTHORITY OF HUSBAND TO ABANDON CONTRACT. — When a wife who is a party to a contract of purchase carries on all her transactions with the vendor through the agency of her husband, a finding that he had authority to bind her by an abandonment of the contract of purchase and the substitution of a tenancy will be sustained.

ID. — PAROL EVIDENCE TO VARY RECEIPT. — Parol evidence is admissible to show that a receipt of money which recited that it was given on a contract of purchase was in fact given for money received as rent.

ID. — PAYMENT — ACCOUNT AND SATISFACTION — AGENCY. — Property delivered for a vendor to a third person not authorized to receive it, and who subsequently refused to accept the same as payment under the contract of purchase, to the knowledge of the purchaser, cannot be regarded as a payment under the contract.

FINDINGS. — The fact that findings are subject to criticism in containing much of the evidence is not ground of reversal of the judgment, if they contain no material contradictions or inconsistencies. The court is not required to find upon any issue not presented by the pleadings.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Blackstock & Shepherd,* and *McKinley & Williams,* for Appellants.

*J. Hamer, W. H. Wilde, Fred Hall, J. M. Brooks,* and *E. S. Hall,* for Respondents.

WORKS, J.—This action was commenced by Larkin Snodgrass, Charles L. Cooper, and J. Marion Brooks, against S. B. Parks, N. S. Dunlap, and Alice Dunlap, his wife, to quiet title to real estate, and to have canceled a mortgage given by the defendants Dunlap and wife to Parks upon the property.

Dunlap and wife answered that they held the property under a contract from Snodgrass for the conveyance of the lands to Mrs. Dunlap and one Susan A. Watkins, her daughter, deed to be made upon payment of certain sums of money, and the performance of other conditions; that Snodgrass was, at the time of entering into the contract, the sole owner of the property; that Mrs. Watkins had conveyed her interest in the property to Mrs. Dunlap; that the latter had declared a homestead on the property in due form; that she and her husband had executed the mortgage to the defendant Parks, and had

subsequently conveyed the land to W. G. Adams and John McElvea; and that the conditions of the contract had been fully performed on the part of said Dunlap and Watkins.

The action was dismissed, before trial, as to the defendant Parks, and the said Adams and McElvea were allowed to intervene and set up their interest in the property substantially as in the answer of the Dunlaps.

It was also set up by both the Dunlaps and the intervenors that the plaintiffs had, before the bringing of the action, contracted to convey the property to one Redrup, and were for that reason not the real parties in interest.

The findings of the court are to the effect that the plaintiffs are the owners of the property; that Snodgrass made the contract to convey as alleged; that the other conveyances between the defendants and Mrs. Watkins were made, and the homestead declared by Mrs. Dunlap, as alleged in the answer; but that the defendants had wholly failed to pay the purchase-money, or comply with the other conditions of the contract with Snodgrass, and had voluntarily abandoned the same, and become tenants of his and paid rent for the property.

It was also found that the plaintiffs had entered into a contract with said Redrup, agreeing to convey the property to her on certain payments to be made in the future.

Under these findings, judgment was rendered in favor of the plaintiffs, and a motion for a new trial, by the defendants, denied. The defendants appeal.

Many questions are presented by counsel for appellants and argued at great length. We hope to be able to notice all of them.

It is contended that Parks, who held the mortgage of Dunlap and wife, was a necessary party to the action. We do not think so. If the defendants are asserting an unfounded claim to the property, they cannot defend an action of this kind on the ground that some one else is doing the same thing.

The claim made, that the fact that plaintiffs had contracted to sell and convey the property to another was sufficient to prevent them from bringing the action, is equally unfounded. Notwithstanding such contract, they were still the owners of the legal title to the property, and had the right to protect and defend the same. The very fact that they had contracted to convey the property and make a good title to their vendee might have rendered it absolutely necessary to remove the adverse claim of the defendants to the land.

Again, it is claimed that as Snodgrass had agreed to convey the property to Dunlap and Watkins, and held their obligation to pay certain sums of money, the plaintiffs, who claim under him, could not maintain the action, at least until he had rescinded the contract and delivered up such obligation.

There might be some force in this position, but for the fact that the court finds, upon sufficient evidence, that the defendants acknowledged their inability to pay for the land, and voluntarily abandoned the contract.

This court has held in a similar case, that where the vendee has *refused* to comply with his contract, the vendor may maintain ejectment and recover the land. (*Hicks* v. *Lovell,* 64 Cal. 14; 49 Am. Dec. 679.)

This is a stronger case than the one cited, as the vendees have in this case not only failed to pay, but have expressly abandoned their contract. Having done so, they cannot now be heard to assert any rights under it.

It is further urged, that because a homestead was declared upon the property by Mrs. Dunlap, the action cannot be maintained. This cannot be so. Conceding, as claimed by the appellants, that a homestead may be declared upon land held under a mere contract to convey, such declaration did not give any new title, or tend in any way to strengthen or enlarge the one then existing. Therefore, when the equitable title created by the contract, and possession under it, was lost in the manner

stated, the homestead fell with it. It would be a marvelous doctrine that the filing of a declaration of homestead could create a new title, or render a bad title good

It is further contended that the evidence and findings of the court show that the defendants Dunlap and wife had an estate in the lands *as tenants,* and having such estate, they were entitled to possession under it, and therefore the judgment in favor of the plaintiffs is erroneous. This might have been so if the defendants had set up any such estate, and claimed under it, but, unfortunately for them, they asserted no such claim in the pleadings, and positively denied, in their evidence given at the trial, that they were such tenants. It is asking too much of this court to protect them from the consequences of such a defense in the manner indicated by counsel. So far as the findings tend to establish any such right in the defendants, or any of them, they are outside of the issues in the case, and must be disregarded. The evidence on the part of the plaintiffs that they had consented to become their tenants was competent, as tending to prove the ultimate fact that they had abandoned the contract of purchase, but in the findings it was a mere recital of a part of the evidence, and should have been omitted.

The court finds that no part of the purchase-money named in the contract to sell was paid. It is contended that this is not so, because the defendants delivered to Brooks, for Snodgrass, certain property in payment of the amounts due.

The answer to this contention is, that the court found, on sufficient evidence, that Brooks was not authorized to receive the property, and that the defendants knew of his refusal to accept the same as payment.

The appellants contend, also, that the contract to sell was never rescinded. What we have said above disposes of this question, but it is due to counsel for appellant to say that their contention is, that even if any agreement

was made with Snodgrass which would, if made by Mrs. Dunlap, have amounted to an abandonment of the contract, it appears that such arrangement was made by her husband, and there is no evidence of his authority to act for her. But the court finds that he had such authority, and we think the evidence supports the finding. It is shown that all of the transactions between Snodgrass and Mrs. Dunlap were carried on, on her part, through her husband, and his authority to act for her throughout is not denied by either of the defendants.

Again, it is claimed that if Dunlap had authority to act, the abandonment was without consideration. But this does not appear to have been the case. The abandonment was mutual. Mrs. Dunlap, by stipulation of both parties, ceased to be a purchaser, and became the tenant of Snodgrass. It does not appear that the contract was surrendered, but what took place would bar a recovery upon it, which amounted to the same thing.

In making this second arrangement, the parol evidence shows that Dunlap agreed to and did pay eighty-one dollars as rent. There was a receipt given for the money, which recited the fact that this money was paid on the original contract. Appellants contend that the recital in the receipt was conclusive, and that it was error to allow parol proof to show for what the money was paid. In this counsel are in error. The receipt was not conclusive, and evidence to show for what the money was paid was proper. ( *Winans* v. *Hassey,* 48 Cal. 637; *Pereira* v. *C. P. R. R. Co.,* 66 Cal. 92; *Bergson* v. *Builders' Ins. Co.,* 38 Cal. 541.)

It will be seen by the authorities cited, that a receipt is not a written instrument, the terms of which cannot be contradicted by parol, unless it also contains an agreement binding upon the parties as such.

It is claimed that Snodgrass waived any forfeiture that might have been enforced, for failure to comply with the contract, by extending time of payment. There are two

answers to this contention: 1. It does not appear that there was any extension of the time of payment; 2. There was no forfeiture, but a voluntary abandonment of the contract.

The contention that the only remedy of Snodgrass was by a bill in equity to enforce his vendor's lien is answered by the fact that by the agreement by which the purchase was abandoned, and the defendants became his tenants, Snodgrass waived and abandoned his vendor's lien, if he had one.

It is earnestly contended that there was no forfeiture of the rights of the defendants under the contract of sale. This may be admitted. There was no forfeiture, but an abandonment and surrender of their rights, which was quite another thing. We do not agree with counsel that the conduct of Snodgrass was such as to bind him by the acts of Brooks, on the ground that he had held him out as his agent, and was estopped to deny his authority.

Counsel contend, with much earnestness and with apparent feeling, that the findings are contradictory and inconsistent, and that one of the issues was not found upon. They say: "It has never been our fortune to examine findings that were so contradictory and inconsistent."

We have carefully compared the findings, and find in them no material contradictions or inconsistencies. The findings are subject to criticism, however. They contain much of the evidence instead of finding the facts found by such evidence. This very fact has given rise to the alleged contradictions and inconsistencies attempted to be pointed out by the appellants, but, in order to show that such inconsistencies exist, counsel have been compelled to misconstrue or place a wrong construction upon the evidence thus improperly brought into the findings. The court below might have avoided this difficulty by making proper findings.

The issue that it is claimed was not found upon was as

to the rescission of the contract of sale. The conclusive answer to this is, that there was no such issue presented by the pleadings. The court found all of the facts and a great part of the evidence. It could not have done more unless the portion of the evidence omitted had been inserted in the findings. We are not inclined to reverse the case because this was not done.

Judgment and order affirmed.

PATERSON, J., McFARLAND, J., THORNTON, J., and SHARPSTEIN, J., concurred.