HANNAH KARSTENSEN HELGEBYE v. CARL O. DAMMEN.

Opinion filed, May 31, 1904.

**Land Acquired by Possession and Part Performance of Oral Contract for Purchase Is Subject to Homestead Rights.**

1. A homestead may be claimed on land resided upon, when the right to residence upon such land is based on an oral contract for the purchase of such land, followed by occupancy under such contract, and part performance thereof.

**Concurrence of Both Spouses Essential to a Valid Conveyance of Homestead.**

2. The homestead of a married person cannot be conveyed or incumbered, in this state, unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife.

**Homestead Cannot Be Claimed in Land Held on Contract After Default and Abandonment of Contract.**

3. A person residing on land, and claiming it as a homestead, under an oral contract for its purchase on specified terms, and failing to fulfill such terms, and having abandoned the contract under which he holds such homestead, cannot claim a homestead in the land after the abandonment of such contract.

**After Voluntary Abandonment of Homestead, Wife Cannot Reassert the Right Under a Decree in Divorce Proceedings.**

4. A wife voluntarily abandoning such land as a homestead, with her husband, cannot thereafter claim such land as a homestead, although the ownership thereof is awarded to her absolutely by a decree in which she is granted a divorce.

**Wife's Homestead Right Covers no More Than Husband's Interest in the Land — Tender of Performance.**

5. A wife, claiming a homestead under her husband's contract for the purchase of land, has no greater rights to such land as a homestead than her husband would have under such contract. A husband cannot demand a deed of such land without compliance with the contract, nor can a wife demand a deed of such land until she has tendered performance of the terms of such contract, in cases where the husband has abandoned the contract and the land.

Appeal from District Court, Traill county; *Pollock*, J.

Action by Hannah Karstensen Helgebye against Carl O. Dammen. Judgment for defendant and plaintiff appeals.

Affirmed.

*Freerks & Freerks,* for appellant.

Partial performance of an oral agreement for the sale and purchase of real estate, satisfies the statute of frauds. Section 3960, Rev. Codes 1899; Farley v. Vaughn et al., 11 Cal. 227; Deeds v. Stephens, 69 Pac. 534; Fidler et al. v. Norton et al., 30 N. W. 128; McCullom v. Mackrell, 83 N. W. 255; Lothrop v. Marbel, 81 N. W. 885; Myrick v. Bill et al., 5 N. D. 167, 37 N. W. 369.

Homestead right will attach to land held under contract. Roby v. Bismarck National Bank, 4 N. D. 166, 59 N. W. 719; Myrick v. Bill et al., 5 N. D. 167, 37 N. W. 369; Hoy v. Anderson, 58 N. W. 125; Allen v. Caldwell, 20 N. W. 692.; Wilder v. Haughey, 21 Minn. 101; Rawles v. Reichenbach et al., 90 N. W. 943.

Provision for forfeiture of contract for sale of land is waived by subsequent conveyance to vendee or his assignee. Alexander v. Jackson, 92 Cal. 514, 27 Am. St. Rep. 158, 28 Pac. 593; Blue v. Blue, 38 Ill. 9, 87 Am. Dec. 267; Allen v. Hawley, 66 Ill. 164; Watson v. Saxer, 102 Ill. 585; Kitterlin v. Milwaukee Mechanics' Mutual Ins. Co., 25 N. E. 768; Stafford v. Woods, 33 N. E. 539; Persiful v. Hind, 88 Ky. 296; State v. Diviling, 66 Mo. 375; Libbey et al. v. Davis, 34 Atl. 744; Chopin v. Runte, 44 N. W. 258.

The rule is the same whether contract is written or oral. Fyffe v. Beers, 18 Iowa, 11, 85 Am. Dec. 577; Smith v. Chenault, 48 Tex. 455; Dotson v. Barnett, 16 Tex. Civ. App. 258.

The homestead of a married person cannot be conveyed or incumbered, unless husband and wife execute and acknowledge the instrument. Section 2608, Rev. Codes 1899; Violet v. Rose, 58 N. W. 216; Whitlock v. Gosson et al., 53 N. W. 980; France v. Bell et al., 71 N. W. 984; Swift et al. v. Dewey et al., 29 N. W. 254.

The ownership may be in fee simple, or equitable under a contract of purchase. Giles v. Miller, 54 N. W. 551.

Statute must be literally complied with, both as to consent and mode of manifesting it. Cumps v. Kiyo, 80 N. W. 937; Haggerty et ux v. Brower, 75 N. W. 321; Goodwin v. Goodwin, 85 N. W. 31; Anderson v. Culbert, 7 N. W. 508.

Not rendered effective by subsequent termination of the homestead privilege. Gagliardo v. Dumont, 54 Cal. 496; Powell v. Patison, 34 Pac. 677.

The sale by plaintiff's husband, and assignment of the contract to defendant were void, and the deed in fulfillment of the contract was

in equity a deed to plaintiff's husband. Moore v. Reaves, 15 Kan. 121-123.

The statutory requirements for alienation of the homestead cannot be waived. Law v. Butler, 9 L. R. A. 856; Minnesota Stoneware Co. v. McCrossen, 85 N. W. 1019; Howell v. McCrie, 59 Am. Dec. 584; Ott v. Sprague, 27 Kan. 620; Gagliardo v. Dumont, 54 Cal. 496; Gardner v. Gardner, 82 N. W. 522.

Plaintiff could not be divested of her rights without a foreclosure or legal cancellation of the contract. Buchholz v. Leadbetter, 92 N. W. 830.

Defendant may recover any damages sustained from plaintiff's husband, as money obtained under false pretenses. DeKalb v. Hingston, 73 N. W. 350; Morris v. Wells, 66 S. W. 248; Thimes v. Stumpff, 5 Pac. 431; H. Stern, Jr., & Bros. Co. v. Wing et al., 97 N. W. 791.

*P. G. Swenson,* for respondent.

To enforce an oral contract for the purchase of land upon the ground of possession and part performance, it is essential that such oral contract be definite and the terms of payment certain. Eckel v. Bostwick et al., 60 N. W. 784.

If husband had no title in the land, the wife had no homestead interest therein. And if the interest of the husband was terminated the wife's homestead interest terminated with it. The claim is based on an oral contract and part performance. If the contract was valid, its validity depended upon Mr. Helgebye being in possession, for if possession is abandoned, all claim to part performance is lost. 26 Am. & Eng. Enc. Law (2nd Ed.) 58.

If the husband's ownership in the land ceased by abandonment, the wife's homestead right ceased also. Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185; Snodgrass et al. v. Parks et al., 21 Pac. 429; Dahl v. Thompson, 67 N. W. 579; 15 Am. & Eng. Enc. Law, 563.

A written contract for the sale of land may be annulled by parol. Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856; Mahon v. Leech, 11 N. D. 181, 90 N. W. 807.

Under the deed from Erickson to defendant, the latter would be subrogated to all the rights of Erickson to receive the purchase money on the contract if in force. Hunter v. Coe and McDevitt, 12 N. D. 505, 97 N. W. 869.

MORGAN, J.    In October, 1898, one Erickson was the owner of the 160 acres of land involved in this suit.   During that month he entered into an oral contract with one Helgebye, then plaintiff's husband, by virtue of which contract said Erickson agreed to convey the land to Helgebye upon payment of $3,100, to be paid by turning over to Erickson one-half of the crops raised thereon each year.    On deferred payments 6 per cent interest was also payable.    Helgebye moved a house upon the land, valued at $100.    Thereafter he, together with his wife and children, moved upon said land and made it their home until March, 1902.    In October, 1899, Helgebye paid $93 in cash upon the contract.    No other payment was ever made on the contract.    Crops were raised on the land by Helgebye in 1899, 1900 and 1901, but no part of them was turned over to Erickson.    During the year 1901 Helgebye was desirous of relieving himself from his contract, for the reason, as stated by him, that he was owing too much, and was unable to carry on the contract any longer.    He and Erickson talked matters over, and Erickson was willing that he should sell his interest in the land, providing he got his pay for it.    Helgebye and the defendant, Dammen, agreed upon terms, under which Dammen was to take the land at $3,500— a better price than Helgebye had agreed to pay for it.    Helgebye also arranged with Erickson that he would take $2,800 for the land, in view of the fact that this $2,800 was to be cash or its equivalent.    On October 7, 1901, Erickson conveyed the land by deed to Dammen, and, in pursuance of Helgebye's agreement with these parties, Erickson received his $2,800, partly in cash and the balance of $1,800 secured by mortgage.    Helgebye received $700 in cash, and a receipt for $300 owed by him to Dammen.    Mrs. Helgebye was at this time living on the land with her husband and children.    She did not execute any papers, nor was she consulted as to the arrangement, so far as the evidence shows.    It inferentially appears from the evidence that she had knowledge of the transactions between her husband and these parties at the time, but on that question the evidence is not satisfactory, and is not made the subject of a finding by the trial court.    The wife did not personally receive any of the $700, although some of it was used for the support of the family.    Soon after the sale to Dammen, Helgebye went away, and remained away till winter, and returned in March, 1902; and soon thereafter the family left this land, and went to live on a rented place near to this one. Dammen did not force them to leave the premises, but indicated that

he would want some of the buildings, but not the house, in the spring of 1902. The evidence clearly shows that they left the place voluntarily, and the trial court so found. In the year 1903, Helgebye brought an action for a divorce against his wife. She interposed an answer and a counterclaim, setting forth grounds for a decree of divorce in her favor. She obtained a decree of divorce on March 4, 1903. Plaintiff in that case did not appear at the trial, and a stipulation was filed adjusting their property rights, and the terms of the stipulation were carried out under the decree. In this stipulation Helgebye transferred to her all his right, title and interest to the land in question; and the court, in the decree of divorce, adjudged her to be the owner of the same, as against the plaintiff and all those claiming under him. Mrs. Helgebye has brought this action against the defendant, and asks that the deed from Erickson to Dammen be set aside, and that the legal title to the land be transferred to her, as well as the possession thereof, together with the rents and profits during the year 1902. The district court denied the relief asked by the plaintiff, and dismissed the action. Plaintiff appeals from the judgment and requests a review of all the issues, under section 5630, Rev. Codes 1899.

Plaintiff's contention is that she is entitled to the land under the decree of divorce awarding it to her, that she did not join in any conveyance of the homestead to the defendant, and that the deed under which defendant claims the land is void, and conveyed no title as against her homestead right. Defendant's contention is that the contract under which the homestead was held was abandoned by the plaintiff's husband, and the homestead voluntarily abandoned by the husband and wife, who left the same intending to abandon the same, and that they established a home upon other land.

That a wife may claim a homestead in land occupied by herself and husband as a home, when the husband has only an equitable right to such land, is conceded by counsel in this case. Any equitable ownership or title, together with possession and occupation as a home, is sufficient on which to successfully base a homestead exemption. Roby v. Bismarck Nat. Bank, 4 N. D. 156, 59 N. W. 719, 50 Am. St. Rep. 633; Myrick v. Bill (Dak.) 37 N. W. 369; Allen v. Cadwell (Mich.) 20 N. W. 694; Wilder v. Haughey, 21 Minn. 101; Snodgrass v. Parks, 79 Cal. 55, 21 Pac. 429; Lessell v. Goodman, 97 Iowa, 681, 66 N. W. 917, 59 Am. St. Rep. 432; Enc. of Law (2d Ed.) p. 561, and cases cited. The statute defining a homestead

in this state is silent as to what title or ownership of land shall be sufficient on which to claim a homestead. The estate or interest in the land necessary to base a homestead on is not specified. In this state it has been held that the wife has no title or estate in the homestead held in her husband's name. She has the right to reside thereon and the right to hold such homestead until she joins with the husband in alienating it. Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185; Roberts v. Roberts, 10 N. D. 531, 88 N. W. 289. It may therefore be admitted that, at the time that Erickson conveyed the land to Dammen, the land in question was occupied by the Helgebye family as their homestead. It is also beyond dispute, and is not disputed, that Erickson and Dammen knew that this land was so occupied from knowledge aside from the notice that was imputed to them by the actual occupancy of the land by the Helgebyes at this time. It is also beyond dispute that at the time that Helgebye, Dammen, and Erickson agreed that the conveyance should be made direct to Dammen, Helgebye was in default in the performance of his contract. He had made but one payment of $93. He had raised some crops on the land during three seasons, and had not turned over any of the proceeds of these crops during two of these years. He had paid nothing since October, 1899, and was therefore in default for two successive years. It is also beyond dispute that the plaintiff signed no conveyance or writing relinquishing her homestead, nor did the husband sign or execute any writing. There was therefore no written conveyance by them, jointly or by either of them alone. Section 3608, Rev. Codes 1899, provides that "the homestead of a married person cannot be conveyed or incumbered, unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." Appellant claims that the deed from Erickson to Dammen was void under this section. That such section is authority for the holding of the homestead by the wife, notwithstanding a conveyance thereof by the husband alone, is evident from the reading of the section, in cases where there has been no abandonment, and that construction is sustained by the cases generally. The object secured by the section is the preservation of a home for the wife and family free from the power of the husband to convey or incumber the same without the wife's consent, evidenced in the manner prescribed by the statute. That such is the object secured by the section, and that courts construe the section strictly in favor of the

preservation of the homestead for the use of the family, are conceded by the respondent. His contention is that there was no homestead to be preserved to the wife at the time that the deed was made to Dammen. This claim is based on the contention that Helgebye had abandoned the contract on which the homestead was founded, and that such abandonment extinguished the contract, and the homestead right fell with it, and was also extinguished. Not only did the husband abandon his contract by virtue of which possession of the premises could have been recovered by Erickson, but Helgebye and his wife voluntarily abandoned the homestead as a residence, and went to live elsewhere. It is attempted to be shown that Mrs. Helgebye was forced to leave the home, and the foundation for the claim is that she stated on cross-examination that she was ordered to leave the place. But no facts justify any such conclusion. Her evidence does not show, when read together, that she was forced to leave the place. On the contrary, it shows a voluntary abandonment of the homestead, and it is a matter of fair inference from the testimony that she knew of all that occurred in reference to the abandonment of the contract by her husband before they left this for another home. It is argued that the husband conspired with these other parties to deprive her of her homestead right. There is no evidence to sustain any such conclusion. Helgebye was unable to go on with the contract, and desired to get rid of it and make something out of the rise in the land since he went into possession, and, having accomplished his purpose, gave up the contract and gave up the land. The rule is stated as follows, as to abandonment and failure to comply with contracts of purchase: "(5) No homestead can be acquired in lands held under a contract to purchase them, as against the vendor's claim for the purchase money, or as against his right to declare the contract forfeited and to re-enter for nonperformance by the purchaser. (6) Nor can a homestead be claimed in land held under such contract, where the contract not only has not been complied with, but has been abandoned because of inability to pay the purchase money. The homestead is lost with the loss of the rights of the purchaser under the contract." Enc. Law, vol. 15, pp. 562, 563. In Stafford v. Woods, 144 Ill. 203, 33 N. E. 539, the court said: "The estate of homestead, which was derived solely from the contract of purchase, was necessarily subject to the terms and provisions of that contract; and anything which put an end to the right of possession acquired under

the contract, for the same reason, put an end to the estate of homestead. That estate could have no independent existence superior to the interest in the premises out of which it was carved, but necessarily terminated with that interest. The purchaser's default in the payment of the purchase money gave the vendor the right, by electing to avoid the contract, to re-enter and take possession. Upon his making such election, the purchaser's right of possession terminated, and the estate of homestead necessarily fell with it." In Snodgrass v. Parks, 79 Cal. 55, 21 Pac. 429, it was said: "This is a stronger case than the one cited, as the vendees have in this case not only failed to pay, but have expressly abandoned their contract. Having done so, they cannot now be heard to assert any rights under it." And further, on page 61, 79 Cal., page 431, 21 Pac.: "It is earnestly contended that there was no forfeiture of the rights of the defendants under the contract of sale. This may be admitted. There was no forfeiture, but an abandonment and surrender of their rights, which was quite another thing." See, also, Allison v. Shilling, 27 Tex. 451, 86 Am. Dec. 622.

The evidence sustains the finding of intentional abandonment of the homestead. The wife does not deny that she had full knowledge of her husband's desire to get rid of his contract, and of his inability to comply with its terms, at the time that they moved to the adjoining land. She did not object to moving at any time. She made no claim that the land was her homestead until after the divorce was granted. These matters show that she intended to abandon the homestead, and are competent evidence bearing on that fact. None of the cases cited can be construed as holding that a homestead can be claimed as such after it has been voluntarily abandoned. The following authorities sustain the doctrine here laid down, and some of them go much further, and hold that the husband may, by changing his residence in good faith, deprive the wife of a homestead right in lands occupied by them, even if she continues to occupy them, and where the contract under which the homestead is held has not become forfeitable: Guiod v. Guiod, 14 Cal. 506, 76 Am. Dec. 440; Hand v. Winn, 52 Miss. 788; Burson v. Dow, 65 Ill. 146; Slavin v. Wheeler, 61 Tex. 654; Beranek v. Beranek (Wis.) 89 N. W. 146; Cumps v. Kiyo, 104 Wis. 656, 80 N. W. 937; Thompson on Homestead and Exemption, sections 276,

483; Waples, Homestead, p. 582, section 7. If plaintiff had remained in possession of the land, we do not determine whether or not she would then have any rights to the land as a homestead.

From what has been said, it follows that when the district court adjudged, in the divorce suit, that the plaintiff in this case be awarded the ownership of the land in question, the husband had no interest or ownership in such land, and that the decree vested no title to such land in the plaintiff. Neither she nor her husband had any right to the homestead when defendant received his deed, because the contract on which the homestead right was based was abandoned by the husband, and the homestead voluntarily abandoned by both husband and wife thereafter. If the evidence showed that there was a valid contract between Helgebye and Erickson when Erickson deeded to Dammen, and there had been no abandonment of the contract or of the homestead, still plaintiff could not recover under this complaint, nor under the evidence in the record. The defendant purchased the land in good faith, and without any fraud or fraudulent intent towards the plaintiff. Such was also the finding of the trial court. He paid full consideration for the contract. If the plaintiff had any rights under such contract, she could not have greater rights than her husband had; and in no event would her husband have the right to a deed of the land until he had fully complied with the contract, and paid for the land as therein specified. If Erickson had deeded to Dammen against Helgebye's wish and without his consent, Helgebye would have had no right to have Erickson's deed transferred to him as a matter of course. In that case Helgebye would lose no rights under his contract, but he could not demand a deed until he had complied with his contract. The plaintiff in this case asks a court of equity to set aside a deed taken in good faith, without offering to do equity by offering to comply with her husband's contract as originally made, or as modified by the parties subsequently. In a similar action it is said, in Alexander v. Jackson, 92 Cal. 514, 28 Pac. 593, 27 Am. St. Rep. 158: "The respondent Mary was not, however, by virtue of such relation, entitled to demand that the plaintiff should immediately make a conveyance to her of the land. Although he held the land in trust for the defendants, as above stated, still it was subject in his hands to the same superior claim for the unpaid amount of the purchase money that it was in the hands of Crocker, and, until that claim

had been satisfied, Mary could not demand a conveyance from him."
See, also, McKee v. Wilcox, 11 Mich. 358, 83 Am. Dec. 743.

The judgment is affirmed. All concur.

(100 N. W. 245.)

NOTE—No homestead right in a building where claimant has no right or estate in land on which it is. Mayrick v. Bill, 3 Dak. 287, 17 N. W. 268. Owner of section of land waives homestead embraced therein by permitting its sale under execution without claiming and selecting it. Foogman v. Patterson, 9 N. D. 254, 83 N. W. 15. Undivided interest in land sufficient basis for homestead. Oswald v. McCauley, 6 Dak. 289, 42 N. W. 769; Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185. Mere intention to build after long lapse of time, insufficient. Brokken v. Baumann, 10 N. D. 453, 88 N. W. 84. Deserted wife has no homestead in land never occupied by either as a home. Brokken v. Baumann, 10 N. D. 453, 88 N. W. 84 Three years absence of wife does not forfeit her homestead right. Rosholt v. Mehus, 3 N. D. 513, 57 N. W. 783. Joinder of wife necessary to mortgage. First National Bank of Hastings v. Lamont, 5 N. D. 393, 67 N. W. 145; Boby v. Bismarck Nat'l Bank, 4 N. D. 156, 59 N. W. 719. Unless saved in decree, wife forfeits all homestead right by her divorce. Rosholt v. Mehus, 3 N. D. 513, 57 N. W. 783. Alienation of homestead no fraud on creditors. Dalrymple v. Security Loan & Trust Co., 11 N. D. 65, 88 N. W. 1033. Where no selection of homestead from a large body of land is made, wife's failure to join her husband in the execution of a lease thereof is not fatal thereto. Wegner v. Lubenow, 12 N. D. 95, 95 N. W. 442.