[Civ. No. 1201.    Second Appellate District.—December 16, 1912.]

## CHANNEL COMMERCIAL COMPANY (a Corporation), Appellant, v. M. P. HOURIHAN, Respondent.

SALE AND PURCHASE OF BEANS — INCOMPLETE CONTRACT — RECEIPT—PAROL EVIDENCE—ASSUMPTION OF AGENCY OR PRINCIPALS.—A writing in the nature of a receipt by defendant from plaintiff of the sum of "$160.45 to apply on 1 M. sk. lot of pink beans as per sample at 4½¢" does not express the meaning of a sale or purchase; and parol evidence is admissible to explain the obligation of the parties to the transaction, and to show either that defendant acted as an agent for plaintiff in the purchase of the beans, and was to reap no profit in the dealing, or upon the assumption that the parties dealt as principals, to show that the sale was conditional upon defendant's ability to procure the beans at the price agreed; that he was unable to do so, and so promptly notified the plaintiff.

ID.—PAROL EVIDENCE WHEN INCOMPETENT—VARIATION OF COMPLETE CONTRACT.—Where an instrument contains sufficient terms to evidence a complete contract of sale and purchase, and the writing imports upon its face to be a complete expression of the whole agreement, any parol evidence which tends to vary or limit its terms would be incompetent.

ID.—SUPPORT OF FINDINGS FOR DEFENDANT.—Where the findings of the court were for the defendant, if there is any evidence in the record to sustain them, they cannot be disturbed upon appeal; and it is

sufficient to support them that in the testimony of the defendant are to be found direct statements sufficient to support all of the findings of fact so made.

APPEAL from an order of the Superior Court of Santa Barbara County denying a new trial.   S. E. Crow, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Henley C. Booth, for Respondent.

JAMES, J.—This is an action for damages alleged to have been suffered by plaintiff through breach of contract committed by defendant.   Plaintiff alleged in its complaint that on the thirtieth day of September, 1910, in the county of Santa Barbara, it purchased of defendant one thousand sacks of beans at the rate of 4½ cents per pound, to be delivered at once, and that defendant failed and refused to deliver the same.   As evidencing the alleged contract of sale, plaintiff set out in its complaint that a memorandum of the agreement had been made in the following form: "Sep. 30, '10, Rec'd.   C. C. Co., $160.45 to apply on 1 M. sk lot pink beans as per sample at 4½c.   M. P. Hourihan."   Plaintiff alleged that it had been damaged in the sum of $720, plus the sum of $160.45, which amount was alleged to have been paid to defendant at the time of the making of the agreement.   The complaint was unverified.   The defendant by answer made general denial thereto, and alleged further that plaintiff had executed to him a voluntary acquittance of an indebtedness in the sum of $160.45, which sum of $160.45 defendant alleged that he had tendered to plaintiff before answering together with interest at seven per cent per annum, which tender had been refused.   The trial judge made his findings of fact wherein he determined that there had been no contract for the sale of the beans entered into between plaintiff and defendant, and that the memorandum was not intended by either plaintiff or defendant to evidence a contract of sale, but that the amount of $160.45 was to be held by defendant to bind the bargain on one thousand sacks or less of beans, if the defendant could purchase the same for the account of plaintiff

at 4½ cents per pound. There is a further finding that at the time the alleged agreement was made plaintiff's agent promised to notify defendant within two days whether plaintiff would desire defendant to endeavor to purchase beans for it, and that plaintiff did not so notify defendant, but that several days later made the claim that the memorandum amounted to a contract and demanded the delivery of the beans therein described, and that the defendant then tendered to plaintiff the sum of $160.45. Upon these findings judgment was entered in favor of defendant. A motion for a new trial having been subsequently made on the part of plaintiff and denied, this appeal followed.

So far as the findings of fact made by the trial court are to be considered, if there is any evidence in the record to sustain them, they must upon this review be held to be fully supported. In the testimony of the defendant are to be found direct statements sufficient to warrant all of the findings of fact as made. Defendant testified that he was a storekeeper in the Santa Ynez Valley; that he had had various dealings with the plaintiff and that the representative of plaintiff, according to his usual custom, called upon him on the day when the alleged agreement respecting the sale of beans was made, and that he proceeded to adjust his accounts with this representative; that as he was about to draw a check in settlement of the amount of $160.45 which he then owed to plaintiff, the representative of plaintiff told him to keep that and use it as a deposit on the beans. According to defendant's testimony there had been some conversation respecting the purchase of the beans had before the settlement of accounts was made; that plaintiff's agent had asked him if he could get beans and he told him that he would see and that he might be able to buy them at 4½ cents; that plaintiff's agent took a sample of the beans and said, ''I will let you know to-morrow evening if the sample is satisfactory and you buy the beans''; that he told the agent that it was all right but to be sure and let him know and he would try and get them, and that there the matter rested. Regarding the signing of the receipt, he said that after the accounts had been adjusted the agent told him that he wished some paper to show his employers how the account had been adjusted, and said, ''I will just make a note that there is so much to your credit,'' and that he

(defendant) had said all right and had signed the receipt in that way. Taking this evidence as true, it would appear that defendant was to act rather in the capacity of agent for plaintiff than otherwise in the matter of the purchase of the beans, though it seems to have been shown by all of the testimony that defendant was to reap no profit in the transaction, but was to purchase the beans from the growers at the price which the plaintiff agreed to pay. Assuming that a different legal relation arose between the parties, and that they dealt with each other as distinct principals in the transaction, then the evidence establishes the fact that the sale was conditional upon defendant being able to procure the beans at the price agreed upon. Other evidence in the record shows that he was unable to procure them at that price, and that he promptly notified plaintiff of the fact.

The vital question in the case, however, depends upon what construction shall be given to the receipt as signed by defendant and as set out in plaintiff's complaint. If that instrument contains sufficient terms to evidence a complete contract of sale and purchase, then all of the testimony introduced which tended to vary or limit the effect of that agreement would be irrelevant and incompetent. (Code Civ. Proc., sec. 1856.) By the section last referred to it is provided that where an agreement is reduced to writing it must be considered as containing all of the terms agreed upon, except that evidence may be introduced of the circumstances under which the agreement was made, or to explain an extrinsic ambiguity, or to establish illegality or fraud. We do not think that the receipt, so called, of itself evidenced a contract of sale. Plaintiff only treated it as a mere memoranda which required explanation by oral testimony, and there seems not to have been any special objection made on the part of plaintiff to the introduction of any of the testimony of defendant wherein he gave his version of the transaction. The rule is that where a writing imports upon its face to be a complete expression of the whole agreement, it is then presumed that the parties have introduced into it every material item and term. (*Harrison* v. *McCormick*, 89 Cal. 327, [23 Am. St. Rep. 469, 26 Pac. 830].) In the case of *Gardiner* v. *McDonogh*, 147 Cal. 313, [81 Pac. 964], relied upon by appellant, the memorandum stated in express terms that the parties had that

day "bought" a certain quantity of beans, stating the name of the beans but not otherwise designating them as beans. Here no words are contained in the written receipt appropriate to convey the meaning of sale or purchase, and undoubtedly oral testimony was admissible to explain just what the obligations of the parties were in the entire transaction. The instrument was in the nature of a receipt only, in the consideration of which it has been often held that the terms of such documents are not conclusive, but that they may be explained or varied by parol proof. (*Snodgrass* v. *Parks,* 79 Cal. 55, [21 Pac. 429].) As we have before noted, it appears from the record that both parties at the trial considered that the true transaction was to be established in the main by oral proof, for both sides offered such proof, and that offered on the part of defendant to this point was not objected to. We can on this review have no concern as to whether the preponderance of evidence tended to sustain the plaintiff's contentions, or those of· the defendant. That was a matter solely for the determination of the trial court and its conclusions thereon must be treated as final.

The order denying a new trial is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1913.